1  DAVID H. STERN (SBN 196408)
   david.stern@dechert.com
2  ALEX E. SPJUTE (SBN 229796)
   alex.spjute@dechert.com
3  **DECHERT LLP**
   US Bank Tower
4  633 W. 5th Street, Suite 4900
   Los Angeles, CA 90071
5  Telephone:  +1 213 808-5736
   Facsimile:  +1 213 808-5760
6
7  Attorneys for Defendant
   ANHEUSER-BUSCH
8  INBEV WORLDWIDE, INC.

9

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12
   DENISE ANGIANO; CHARLEY          Case No.  2:21-CV-435
13 KARPINSKI, individually and on
   behalf of all others similarly situated,   [Assigned to Hon. _____]
14
              Plaintiffs,
15                                  **DEFENDANT'S NOTICE OF**
   v.                               **REMOVAL**
16
   ANHEUSER-BUSCH INBEV
17 WORLDWIDE, INC., a Delaware
   corporation; and DOES 1 to 100,
18 inclusive,

19            Defendant.

20                                  Complaint Filed:  November 24, 2020

21

22

23

24

25

26

27

28

1    Defendant Anheuser-Busch InBev Worldwide, Inc. ("Defendant"), by its

2  counsel, hereby gives notice of removal of this action, pursuant to 28 U.S.C.

3  §§ 1332(d), 1441, and 1453, from the Superior Court of the State of California for

4  the County of Los Angeles to the United States District Court for the Central

5  District of California, and respectfully states:

6                              **I.     BACKGROUND**

7        1.      On November 24, 2020, plaintiffs Denise Angiano and Charley

8  Karpinski ("Plaintiffs") filed a putative class action complaint in the Superior Court

9  of the State of California for the County of Los Angeles, captioned *Denise Angiano*

10  *et al. v. Anheuser-Busch InBev Worldwide, Inc.*, Case No. 20STCV45069 (the

11  "Complaint"). Defendant was served with the Complaint on December 16, 2020. A

12  true copy of the Summons and Complaint are attached hereto, respectively, as

13  **Exhibit 1** and **Exhibit 2**.

14       2.      The Complaint asserts seven class causes of action for (1) intentional

15  misrepresentation, (2) negligent misrepresentation, (3) violation of California False

16  Advertising Law, California Business and professions Code § 17500, (4) violation

17  of the Consumers Legal Remedies Act, California Civil Code § 1750 ("CLRA"),

18  (5) violation of California Business and Professions Code § 25200 for allegedly

19  mislabeling non-alcoholic beer bottles and packages, (6) violation of California

20  Business and Professions Code § 17200 for unfair competition, and (7) negligence.

21  (Compl. ¶¶ 33-89.)

22       3.      By their Complaint, Plaintiffs allege that, "as a result of Defendant's

23  deceptive and misleading practice of labeling Beck's beer bottles and packages as

24  'non-alcoholic,' without more, Plaintiffs and Class Members were induced to

25  purchase Beck's beer, which is not devoid of alcohol," and "[b]ut for Defendant's

26  deceptive and misleading practices, Plaintiffs and the Class Members would not

27  have purchased Beck's beer." (Compl. ¶ 2.) Plaintiffs further allege that Defendant

28  "failed to include the warning 'contains less than 0.5 percent (or .5%) alcohol by

DECHERT LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT'S NOTICE OF REMOVAL

1    volume' in conjunction with the use of 'non-alcoholic' in readily legible printing or

2    on a completely contrasting background as required by 27 CFR 7.71(e)," that this

3    omission to the labelling on the bottle and packaging was deceptive and misleading,

4    caused "[t]housands of consumers to purchase and consume Beck's beer under the

5    false belief that they are not consuming any amount of alcohol," and that

6    "Defendant has made millions of dollars in fraudulent sales to individuals."

7    (Compl. ¶¶ 4-5, 22.)

8         4.      Plaintiffs seek injunctive relief, as well as compensatory and

9    restitutionary damages for them and their alleged Class, in addition to costs and

10    litigation expenses. (Compl., Prayer for Relief ¶¶ 1-5.)

11                            **GROUNDS FOR REMOVAL**

12         5.      Plaintiffs' claims are removable because the Class Action Fairness Act

13    ("CAFA") provides this Court with jurisdiction. *See* 28 U.S.C. §§ 1332(d), 1453.

14    CAFA extends federal jurisdiction over class actions where: (1) any member of a

15    class of plaintiffs is a citizen of a state different from any defendant, (2) the putative

16    class consists of more than 100 members, and (3) the amount in controversy

17    exceeds $5,000,000. 28 U.S.C. § 1332(d). This includes any class action filed under

18    Federal Rule of Civil Procedure 23 or "similar State statute or rule of judicial

19    procedure," such as California Code of Civil Procedure § 382.  28 U.S.C.

20    § 1332(d)(1)(B). (*See also* Compl. ¶ 25.) As set forth below, each of these

21    requirements are readily satisfied.

22         6.      Because CAFA was enacted to facilitate federal courts' adjudication of

23    certain class actions, "no antiremoval presumption attends cases invoking CAFA."

24    *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014);

25    *see also Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020);

26    *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015) (reversing

27    remand order "[i]n light of the Supreme Court's clear statement in *Dart Cherokee*

28    that Congress intended for no antiremoval presumption to attend CAFA cases").

**A.      Minimal Diversity Is Satisfied**

7.      Although diversity removal ordinarily requires complete diversity between plaintiffs and defendants, removal of a class action under CAFA only requires "minimal diversity" — *i.e.*, at least one member of a class of plaintiffs must be diverse from one defendant. *See* 28 U.S.C. § 1332(d)(2)(A). This requirement is readily satisfied here.

8.      Plaintiffs both are admitted citizens of California.  (Compl. ¶¶ 6-7.) They seek to represent a putative class of other California residents. (*Id.* at ¶ 25.)

9.      As pled, the Complaint establishes Defendant Anheuser-Busch InBev Worldwide, Inc. as a Delaware corporation with its principal place of business in St. Louis, Missouri.  (Compl. ¶¶ 1, 8; *see also* Declaration of Thomas Larson ("Larson Decl.") ¶¶ 3-4.)[1]

10.      The "principal place of business" of a corporation is the corporation's "nerve center"— *i.e.*, the place where a corporation's high level officers direct, control and coordinate its activities on a day-to-day basis. *Hertz Corp. v. Friend*, 559 U.S. 77, 91-95 (2010) (rejecting all prior tests in favor of the "nerve center" test).  Here, Defendant's nerve center is in Missouri because its headquarters are located in Missouri, and it maintains its administrative offices, corporate records and files in Missouri.  (Larson Decl. ¶ 4.)  For diversity purposes under CAFA,

---

[1] Plaintiffs erroneously named the wrong defendant in their action. Anheuser-Busch InBev Worldwide, Inc. does not sell Beck's non-alcoholic beer ("Beck's NA") in California. Rather, it is sold by Anheuser-Busch, LLC, which is its indirect, wholly-owned subsidiary.  (Larson Decl. ¶ 4.)  Rather than requiring the courts and Plaintiffs to endure significant motion practice and service of process issues, Defendant has simply identified the error and asked Plaintiffs to dismiss the inappropriate party and substitute Anheuser-Busch, LLC in its place. If Plaintiffs refuse to do so, Defendant reserves its right to challenge jurisdiction. For purposes of this Removal Petition, the proper defendant is Anheuser-Busch, LLC, which we will refer to as "Anheuser-Busch." Like Anheuser-Busch InBev Worldwide, Inc., the subsidiary Anheuser-Busch, LLC is a citizen of Missouri and Delaware—not California. (*Id.*)

1   Defendant is a citizen of Delaware and Missouri.  (*See* Compl. ¶¶ 1, 8; Larson Decl.

2   ¶ 4.) Under no circumstances is Defendant a citizen of California.[2]

3        11.    Accordingly, minimal diversity of citizenship exists under CAFA. *See*

4   28 U.S.C. § 1332(d)(2)(A).

5   **B.    Putative Class Members Exceed 100**

6        12.    Plaintiffs purport to bring this action on behalf of themselves and "[a]ll

7   persons residing in the State of California who purchased a Beck's non-alcoholic

8   beer under the belief that the beverage does not contain any alcohol from the period

9   starting four years from the date of the filing of th[e] Complaint to the date of

10  certification." (Compl. ¶ 25.)[3]  Plaintiffs also allege "the number of Class Members

11  is at least in the thousands." (*Id.* ¶ 27.)

12       13.    Thus, the putative class that Plaintiffs purport to represent consists of

13  at least 100 individuals.

14  **C.    The Amount in Controversy Exceeds $5,000,000**

15       14.    CAFA further requires that, for the district court to exercise

16  jurisdiction, the matter in controversy must "exceed[] the sum or value of

17  $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2).  When

18  determining the amount in controversy, "the claims of the class members shall be

19  aggregated."  28 U.S.C. § 1332(d)(6). The U.S. Supreme Court has held that, as

20  specified in 28 U.S.C. § 1446(a), a defendant's notice of removal need include only

21  "a plausible allegation that the amount in controversy exceeds the jurisdictional

22  threshold"; the notice need not contain evidentiary submissions. *Dart Cherokee*,

23  135 S. Ct. at 553.

24  ―――――――――――――――

25  [2] As a wholly owned subsidiary of Defendant, Anheuser-Busch, LLC's citizenship
is the same as Defendant:  Delaware and Missouri, not California. *See Johnson v.*

26  *Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Anheuser-
Busch's officers direct the day-to-day operations of its business from the St. Louis

27  headquarters.  (Larson Decl. ¶ 4.)

28  [3] Defendant maintains that Plaintiffs' claims are without merit and that Defendant is
not liable to Plaintiffs or the putative class members.

15.     Plaintiffs, on behalf of the putative class, assert that "Defendant has made millions of dollars in fraudulent sales" (Compl. ¶ 5) and they and the class thus are entitled to restitutionary damages because, "[b]ut for Defendant's deceptive and misleading practices, Plaintiffs and the Class Members would not have purchased Beck's beer."  (Compl. ¶ 2.)

16.     Although Defendant denies Plaintiffs' allegations and denies that Plaintiffs or the class they purport to represent are entitled to the relief requested, the Complaint's allegations, theories, and prayer for relief place in controversy an amount in excess of the $5 million removal threshold set by CAFA.

17.     Plaintiffs' restitutionary claim alone exceeds $5 million. Plaintiffs seek restitutionary damages on behalf of themselves and the Class Members, which they intend to encompass anyone residing in California who purchased Beck's NA in California at any time after November 24, 2016 through the present.  (Compl. ¶¶ 25-26.)

18.     Defendant's wholly owned, indirect subsidiary Anheuser-Busch, LLC sells its products, including Beck's NA, to wholesalers, not retailers or consumers. (Declaration of Jeffrey Perkowski ("Perkowski Decl.") ¶ 4.)  This is part of what is often called the "three-tiered" system, where manufacturers sell their products to wholesalers, who then sell to retailers.  (*Id.*)  Retailers ultimately then sell to the final consumer.  (*Id.*)  Anheuser-Busch tracks in detail its sales to wholesalers, including sales volume in barrels and revenue per barrel by state, including for the sale of Beck's NA in California.  (*Id.* ¶ 5.)  Anheuser-Busch, LLC's sales revenue for sales of Beck's NA to wholesalers in California for the time period November 2016 through November 2020, based on calculating the volume sold (in barrels) by revenue per barrel, is well in excess of $5 million.  (*Id.* ¶ 6; *see also* Compl. ¶ 5 ("Defendant has made millions of dollars in fraudulent sales.").)  Given the expected mark-up at each "tier" of the "three-tiered" system referenced above, the

1  overall retail sales to consumers of Beck's NA in California for the time period

2  November 2016 through November 2020 is even higher.  (*Id.* ¶ 7; *see* Compl. ¶ 5.)

3       19.    The foregoing estimation —which present "a plausible allegation that

4  the amount in controversy exceeds the jurisdictional threshold," *Dart Cherokee*,

5  135 S. Ct. at 553—does not even include Plaintiffs' unspecified alleged

6  compensatory damages, any multiplier, and the litigation expenses, which typically

7  include attorneys' fees, sought in the Complaint, adding to the amount in

8  controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir.

9  1998) ("We hold that where an underlying statute authorizes an award of attorneys'

10  fees, either with mandatory or discretionary language, such fees may be included in

11  the amount in controversy."). The amount in controversy therefore exceeds

12  CAFA's $5,000,000 threshold requirement.[4]

13       20.    The complaint also seeks injunctive relief, the cost of which also is

14  included in the amount in controversy. *Chavez v. JP Morgan Chase & Co.*, 888

15  F.3d 413, 416 (9th Cir. 2018) ("The amount in controversy may include 'damages

16  (compensatory, punitive, or otherwise) and the cost of complying with an

17  injunction, as well as attorneys' fees awarded under fee shifting statutes.'")

18  (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir.

19  2016)).

20       21.    Plaintiffs' complaint (Compl. at pp. 16-17) asserts a claim under

21  Business and Professions Code § 25200 that Defendant "has failed to meet the

22  requirements of federal malt beverage regulations contained in Part 7.71 of Title 27

23

24  [4] Although the amount in controversy based on the Complaint exceeds $5,000,000, Defendant reserves its right to challenge the actual amount of damages, if any, in

25  subsequent proceedings and at trial. *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) ("Even when defendants have persuaded a court

26  upon a CAFA removal that the amount in controversy exceeds $5 million, they are still free to challenge the actual amount of damages in subsequent proceedings and

27  at trial. This is so because they are not stipulating to damages suffered, but only estimating the damages that are in controversy.").

28

DECHERT LLP
ATTORNEYS AT LAW
LOS ANGELES

- 6 -     DEFENDANT'S NOTICE OF REMOVAL

1    of the [United States] Code of Federal Regulations," which is the mechanism by

2    which the Department of Treasury's Alcohol and Tobacco Tax and Trade Bureau

3    governs the labeling for beverages in the "Non-Alcoholic" category that are sold

4    throughout the United States.[5] Plaintiffs' complaint seeks "affirmative injunctive

5    relief" to change the TTB-approved label Anheuser-Busch uses nationally to

6    mandate "an exact percentage of alcohol by volume." (Compl. at p. 20.)

7    **III.    COMPLIANCE WITH REMOVAL STATUTE AND LOCAL RULES**

8            22.    This Notice of Removal was properly filed in the United States District

9    Court for the Central District of California, Central District, because the Superior

10   Court of the State of California for the County of Los Angeles is located in this

11   judicial district. *See* 28 U.S.C. § 1441(a).

12           23.    This Notice of Removal is signed pursuant to Rule 11 of the Federal

13   Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

14           24.    Plaintiffs filed their Complaint on November 24, 2020 and initiated

15   service on Defendant's registered agent for service of process on December 16,

16   2020. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b), as

17   it is filed within 30 days of service. *See* Fed. R. Civ. P. 6(a)(1)(C).

18           25.    In the Complaint, in addition to the named Defendant, Plaintiffs also

19   sued Defendant DOES 1 to 100 under fictitious names. For purposes of removal,

20   "the citizenship of defendants sued under fictitious names shall be disregarded."

21   U.S.C. § 1441(a).[6]

22

---

23   [5] Plaintiffs allege that they bought a product whose label "did not contain the
     statement 'contains less than 0.5 percent (or 0.5%) alcohol by volume." (Compl.
24   ¶ 70.) This is flatly untrue. The label for Beck's NA states on the front and back of
     the bottle, as required by TTB's regulation, that the product "contains less than
25   0.5% alc by vol."
     [6]  Further, because the basis for federal jurisdiction is CAFA, which requires only
26   minimal diversity, there is no need for consent to federal jurisdiction by any
     additional defendants, known or unknown. *See* 28 U.S.C. § 1453(b) ("A class
27   action may be removed to a district court of the United States in accordance with
     section 1446 . . . except that such action may be removed by any defendant without
28   the consent of all defendants.").

26. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders served upon Defendant in this action is attached hereto. Specifically, the following pleadings are related documents and are attached hereto as the following exhibits: **Exhibit 1** (Summons), **Exhibit 2** (Complaint), **Exhibit 3** (Notice of Case Assignment), and **Exhibit 4** (Court Order Re Newly Assigned Case).

27. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs and a copy, along with a Notice of Filing of the Notice of Removal, is being filed with the Clerk of the Superior Court of the State of California for the County of Los Angeles. A true and correct copy is attached hereto as **Exhibit 5**.

## IV. CONCLUSION

For the reasons stated above, Defendant respectfully requests that this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Superior Court of the State of California for the County of Los Angeles. Defendant further requests such other relief as the Court deems appropriate.

Dated: January 15, 2021                     DECHERT LLP

                                            By: */s/ David H. Stern*
                                            David H. Stern

                                            Attorneys for Defendant