# Exhibit 2

Exhibit 2
Page 11

1  Thiago Coelho (SBN 324715)
   thiago@wilshirelawfirm.com
2  Cinela Aziz (SBN 318192)
3  cinela@wilshirelawfirm.com
   **WILSHIRE LAW FIRM, PLC**
4  3055 Wilshire Blvd., 12th Floor
   Los Angeles, California 90010
5  Telephone: (213) 381-9988
6  Facsimile: (213) 381-9989

7  *Attorneys for Plaintiffs*
   *and the Putative Class*
8

**FILED**
Superior Court of California
County of Los Angeles

NOV 24 2020

Sherri R. Carter, Executive Officer/Clerk of Court
By_____ **S. DREW** _____ Deputy

9              **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

10                         **COUNTY OF LOS ANGELES**

11  DENISE ANGIANO; CHARLEY          CASE NO.:  **20STCV45069**
    KARPINSKI, individually and on behalf of
12  all others similarly situated,    **CLASS ACTION**

13              Plaintiffs,           **COMPLAINT**

14      vs.

15  ANHEUSER-BUSCH INBEV              **DEMAND FOR JURY TRIAL**
    WORLDWIDE, INC., a Delaware
16  corporation; DOES 1 to 100, inclusive,

17              Defendant.

18

19

20

21

22

23

24

25

26

27

28

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

1

1    Plaintiffs Denise Angiano and Charley Karpinski ("Plaintiffs"), individually and on behalf

2  of all others similarly situated, bring this action based upon personal knowledge as to themselves

3  and their own acts, and as to all other matters upon information and belief, based upon, *inter alia*,

4  the investigation of their attorneys.

5                              **NATURE OF THE ACTION**

6    1.    Defendant Anheuser-Busch InBev Worldwide, Inc. ("Defendant") is a Delaware

7  corporation headquartered in St. Louis, Missouri, that produces and distributes malt beverages,

8  including Beck's Non-Alcoholic Beer ("Beck's beer" or "Beck's non-alcoholic beer").

9    2.    Plaintiffs are reasonable consumers who purchased Beck's beer reasonably

10  believing that such beverages do not contain any alcohol. As a result of Defendant's deceptive

11  and misleading practice of labeling Beck's beer bottles and packages as "non-alcoholic," without

12  more, Plaintiffs and the Class Members were induced to purchase Beck's beer, which is not

13  devoid of alcohol as advertised. Plaintiffs reasonably relied on Defendant's representations that

14  Beck's beer was "non-alcoholic" when making their purchases. But for Defendant's deceptive

15  and misleading practices, Plaintiffs and the Class Members would not have purchased Beck's

16  beer.

17    3.    Defendant's false and misleading advertising deceives consumers into believing

18  that they are consuming a malt beverage with no alcohol content whatsoever and, through this

19  deception, Defendant seeks to induce consumers to purchase Beck's beer beverages when they

20  would otherwise have purchased another beverage which did not contain any amount of alcohol.

21    4.    Defendant was aware that it was not providing its customers with a beverage that

22  did not contain any amount of alcohol, yet it proceeded to display the "non-alcoholic"

23  advertisement on Beck's beer bottles and packages, without any warning that the beverage

24  contains some alcohol, creating the clear impression to its customers that they are purchasing and

25  consuming a beverage that does not contain any amount of alcohol. This behavior is therefore

26  materially misleading, in that reasonable consumers would not understand Beck's non-alcoholic

27  beer to contain any amounts of alcohol. Thousands of consumers have purchased Beck's beer

28  ///

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

1 | under the false belief that they are not consuming any amount of alcohol. They have been misled.
2 | They have been deceived into consuming alcohol.

3 | 5. Defendant has made millions of dollars in fraudulent sales to individuals who
4 | Defendant told were receiving a product that does not contain any alcohol, which they did not
5 | receive. Defendant's customers did not receive the benefit of their bargain. Plaintiffs were
6 | induced to make a purchase that they would not have made if they were not misled about the fact
7 | that Beck's non-alcoholic beer contains.

8 | **THE PARTIES**

9 | 6. Plaintiff Denise Angiano ("Plaintiff Angiano") is a California citizen residing in
10 | Los Angeles, California. Plaintiff Angiano purchased and consumed Beck's non-alcoholic beer
11 | under the false belief that she purchased and consumed a beverage that did not contain any
12 | alcohol, which is not true. As a result of Defendant's behavior, Plaintiff Angiano consumed
13 | alcohol at a time when she did not wish to consume any amount of alcohol. Plaintiff Angiano was
14 | pregnant and breastfeeding her baby at the time she purchased and consumed Beck's beer.

15 | 7. Plaintiff Charley Karpinski ("Plaintiff Karpinski") is a California citizen residing
16 | in Studio City, California. Plaintiff Karpinski purchased and consumed Beck's non-alcoholic
17 | beer under the false belief that the beverage does not contain any alcohol, which is not true. As
18 | a result of Defendant's behavior, Plaintiff Karpinski consumed alcohol at a time when he did not
19 | wish to consume any amount of alcohol. Plaintiff Karpinski is in recovery from alcoholism.

20 | 8. Defendant is a Delaware corporation with its principal offices located at One
21 | Busch Place, St. Louis Missouri, 63118.

22 | 9. Plaintiffs are unaware of the true names, identities, and capacities of the
23 | defendants sued herein as DOES 1 to 100. Plaintiffs will seek leave to amend this complaint to
24 | allege the true names and capacities of DOES 1 to 100 if and when ascertained. Plaintiffs are
25 | informed and believe, and thereupon allege, that each of the defendants sued herein as a DOE is
26 | legally responsible in some manner for the events and happenings alleged herein and that each of
27 | the defendants sued herein as a DOE proximately caused injuries and damages to Plaintiffs and
28 | Class Members as set forth below.

3

COMPLAINT AND DEMAND FOR JURY TRIAL

Exhibit 2

Page 14

1      10.    As used herein, "Defendant" shall refer to Defendant Anheuser-Busch Inbev

2  Worldwide, Inc. and Does 1 to 100, collectively.

3                             **JURISDICTION AND VENUE**

4      11.    This Court has subject matter jurisdiction over this action pursuant to Section

5  410.10 of the California Code of Civil Procedure.

6      12.    The Court has personal jurisdiction over Defendant because Plaintiff's and the

7  Class Members' claims arise out Defendant's business activities conducted in the State of

8  California.

9      13.    Venue is appropriate in Los Angeles County because, among other things: (a)

10  Plaintiffs reside in Los Angeles County; and (b) many of the acts and omissions that give rise to

11  the claims for relief alleged in this action took place in Los Angeles County.

12                             **FACTUAL ALLEGATIONS**

13      14.    Defendant is the owner, manufacturer, and distributor of Beck's Non-Alcoholic

14  Beer. There are two different categories of non-alcoholic beers. The first category is "alcohol

15  free" beer, which contains no detectable levels of alcohol and is often labeled as being "alcohol

16  free" and having "0.0%" alcohol by volume ("ABV"). The second category is "non-alcoholic"

17  beer, which can contain up to 0.5% ABV. All non-alcoholic beers with any detectable amount of

18  alcohol fall into the second category. This lawsuit pertains to the second category of non-

19  alcoholic beers with detectable amounts of alcohol. Beck's beer is a malt beverage which contains

20  some alcohol less than 0.5% ABV but higher than 0.0% ABV, and is made by the process of

21  alcoholic fermentation.

22      15.    The distinction between "alcohol free" and "non-alcoholic" beverages is important

23  for many consumers, including individuals who are pregnant or breastfeeding, people recovering

24  from alcoholism, and any other individual who does not wish to consume any amount of alcohol

25  for any reason. Those abstaining from alcohol inadvertently consume alcohol by drinking Beck's

26  beer because it lacks sufficient warning that it contains some alcohol. These consumers are

27  induced to purchase a product they would not have otherwise purchased.

28  ///

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd. 12th Floor
Los Angeles, CA 90010-1137

4

1      16.    Plaintiffs are consumers who each purchased a pack of Beck's beer reasonably

2  believing that it does not contain any alcohol. When Plaintiffs made this purchase, they saw the

3  labeling and packaging of the beverage, including the large prominent words, "non-alcoholic."

4  Neither the bottles nor the packaging of the beverages contained any disclaimer that the product

5  contained some alcohol.

6      17.    Plaintiff Angiano was pregnant and breastfeeding her child when she purchased

7  and consumed Beck's beer from, among other places and instances, a BevMo! store in Manhattan

8  Beach, California on or about October 21, 2020. Plaintiff Angiano saw the phrase "non-

9  alcoholic," but did not see any other statement on the Beck's beer package or bottles indicating

10  that the beer contains any alcohol. Plaintiff Angiano made her purchases based on the reasonable,

11  but false, belief that she would consume a beverage that does not contain any alcohol. Plaintiff

12  Angiano was misled. Plaintiff Angiano was pregnant when she consumed Beck's beer and

13  inadvertently consumed alcohol. Plaintiff Angiano was breastfeeding when she consumed Beck's

14  beer and inadvertently consumed alcohol. Plaintiff Angiano's child was placed at risk of injury.

15  Plaintiff Angiano would not have purchased Beck's beer if she had known that it contains some

16  alcohol.

17      18.    According to the American College of Obstetrics and Gynecology, drinking

18  alcohol while pregnant is the cause of fetal alcohol spectrum disorder ("FASD"), which is an

19  umbrella term for a variety of problems that can develop if a child is exposed to alcohol while a

20  fetus in the womb. The most severe form of FASD is called "fetal alcohol syndrome," which is

21  characterized by facial abnormalities, stunted growth, and behavioral and mental disabilities. It is

22  unknown exactly how much alcohol must be consumed to affect a fetus and result in long term

23  health consequences to that child.

24      19.    Alcohol abuse by a breastfeeding mother can result in slow weight gain and failure

25  to thrive in her baby. There is no level of alcohol in breast milk that is considered safe for a baby

26  to drink. When a breastfeeding mother drinks alcohol, it passes into her breast milk at

27  concentrations similar to those found in her blood stream. A newborn eliminates alcohol from his

28  or her body at only half the rate of an adult. Research suggests that breast-fed babies who are

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

1  exposed to one drink a day might have impaired motor development and that alcohol can cause
2  changes in sleep patterns. Alcohol also reduces milk production and the presence of alcohol in
3  breast milk causes babies to drink about 20% less breast milk. Further, pumping-and-dumping
4  breast milk does not speed the elimination of alcohol from the mother's body.

5      20.    Plaintiff Karpinski is in recovery from alcoholism, and was in recovery from
6  alcoholism when he purchased and consumed Beck's beer from a Gelson's store in Valley
7  Village, California on or about September 2020. Plaintiff Karpinski saw the phrase "non-
8  alcoholic," but did not see any other statement on the Beck's beer package or bottles indicating
9  that the beer contains any alcohol. Plaintiff Karpinski made his purchase based on the reasonable,
10 but false, belief that he would consume a beverage that does not contain any alcohol. Plaintiff
11 Karpinski was misled. Plaintiff Karpinski consumed Beck's beer and inadvertently consumed
12 alcohol. Upon discovering that Beck's beer contains alcohol, Plaintiff Karpinski discarded his
13 three remaining bottles. Plaintiff Karpinski would not have purchased Beck's beer if he had
14 known that it contains some alcohol.

15     21.    Researchers have shown that drinking non-alcoholic beer can sharply increase
16 blood alcohol level in certain instances, as well as lead some individuals to test positive for
17 alcohol metabolites in their urine or breath. Additionally, many non-alcoholic beers often contain
18 more alcohol than their label claims.

19     22.    As can be seen from the photos below, Defendant has failed to include the warning
20 "contains less than 0.5 percent (or .5%) alcohol by volume" in conjunction with use of "non-
21 alcoholic" in readily legible printing or on a completely contrasting background as required by
22 27 CFR 7.71(e), as memorialized in California Business & Professions Code § 25200(a).
23 Defendant has omitted the statement altogether on many of its bottles and bottle packages,
24 including those purchased by Plaintiffs:

25
26
27
28



6

COMPLAINT AND DEMAND FOR JURY TRIAL

Exhibit 2
Page 17

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24





25       23.    Plaintiffs believed that the "non-alcoholic" logo on Beck's beer, without any

26   information on the bottles or packages to the contrary, meant that Plaintiffs would not be

27   consuming any alcohol. Plaintiffs made their purchase in reliance upon this belief. Plaintiffs

28   were misled into consuming alcohol when they did not want to consume any alcohol and made

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

1  purchasing decisions reflecting their desire to not consume any alcohol. Had Plaintiffs known

2  that Beck's non-alcoholic beer contains alcohol, they would not have purchased the beverage.

3      24.    Accordingly, Plaintiffs purchased and consumed Beck's non-alcoholic beer in

4  reliance on a false representation created by Defendant and placed on Beck's non-alcoholic beer

5  bottles and bottle packages and/or at Defendant's behest, and did not receive the benefit of their

6  bargain, which amounts to a malt beverage that contains no alcohol. Upon discovering that

7  Beck's non-alcoholic beer contains alcohol, Plaintiff Karpinski discarded the three remaining

8  bottles of the beverage and neither Plaintiff has since purchased Beck's non-alcoholic beer.

9  **CLASS ACTION ALLEGATIONS**

10      25.    Plaintiffs bring this action on their own behalf and pursuant to California Code of

11  Civil Procedure § 382. Plaintiffs intend to seek certification of a class defined as follows:

> All persons residing in the State of California who purchased a Beck's non-alcoholic beer under the belief that the beverage does not contain any alcohol from the period starting four years from the date of the filing of this Complaint to the date of certification. (the "Class").

    26.    Excluded from the Class are: (a) Defendant, including any entity in which any of the Defendant has a controlling interest, is a parent or a subsidiary of, or which is controlled by any of the Defendant; (b) the officers, directors, and legal representatives of Defendant; and (c) the judge and the court personnel in this case as well as any members of their immediate families. Plaintiffs reserve the right to amend the definition of the Class if discovery, further investigation and/or rulings by the Court dictate that it should be modified.

    27.    *Numerosity*. The members of the Class are so numerous that the joinder of all Class Members is impractical. While the exact number of Class Members is unknown to Plaintiffs at this time, given the number of Defendant's customers in California, it stands to reason that the number of Class Members is at least in the thousands. Class Members are readily identifiable from information and records in Defendant's possession, custody, or control, such as account information and sales records.

///

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12ᵗʰ Floor
Los Angeles, CA 90010-1137

1      28.    *Commonality and Predominance.* There are questions of law and fact common to

2   Class Members, which predominate over any questions affecting only individual Class Members.

3   These common questions of law and fact include, without limitation:

4        a.    Whether Defendant owns, manufactures, and distribute Beck's non-alcoholic beer;

5        b.    Whether Beck's non-alcoholic beer contains more than 0.0% ABV;

6        c.    Whether Defendant wrote, or caused to be written, the phrase "non-alcoholic" on

7            the label of its Beck's non-alcoholic beer bottles and packages;

8        d.    Whether Defendant omitted the phrase, "contains less than 0.5% alcohol by

9            volume" from every Beck's non-alcoholic beer bottle and package marked as

10          "non-alcoholic," including those Beck's beer bottles and packages that were

11          purchased by Plaintiffs;

12        e.    Whether Defendant included the phrase, "contains less than 0.5% alcohol by

13            volume" on some of its Beck's non-alcoholic beer bottles and packages such that

14            it is readily legible on a completely contrasting background in direct conjunction

15            with the phrase "non-alcoholic";

16        f.     Whether Defendant had a policy of warning its Beck's beer customers on Beck's

17            beer bottles and packages that the beverage "contains less than 0.5% alcohol by

18            volume," in direct conjunction with the phrase "non-alcoholic," printed legibly on

19            a completely contrasting background;

20        g.    Whether Defendant knew or should have known that it must warn its Beck's beer

21            customers in writing that the beverage "contains less than 0.5% alcohol by

22            volume," in direct conjunction with the phrase "non-alcoholic," printed legibly on

23            a completely contrasting background;

24        h.    Whether Defendant owed a duty of care to its customers to ensure that its Beck's

25            non-alcoholic beer bottles and packages of beer bottles did not contain

26            misrepresentations, and the scope of that duty of care;

27        g.    The nature of the relief, including equitable relief, to which Plaintiffs and Class

28            Members are entitled; and

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

9

1     h     Whether Plaintiffs and Class Members are entitled to damages, civil penalties

2     and/or injunctive relief.

3     29.    *Typicality*. Plaintiffs' claims are typical of those of other Class Members because

4  Plaintiffs, like the other Class Members, wished to abstain from alcohol and purchased Beck's

5  non-alcoholic beer, which was advertised in such a way as to lead reasonable consumers to believe

6  that the beverage does not contain any alcohol, but which does contain some alcohol.

7     30.    *Adequacy of Representation*. Plaintiffs will fairly and adequately represent and

8  protect the interests of the Class Members. Plaintiffs have retained competent counsel

9  experienced in litigation of class actions, including consumer class actions, and Plaintiffs intend

10  to prosecute this action vigorously. Plaintiffs and Class Members have a unified and non-

11  conflicting interest in pursuing the same claims and obtaining the same relief. Therefore, all Class

12  Members will be fairly and adequately represented by Plaintiffs and their counsel.

13     31.    *Superiority of Class Action*. A class action is superior to other available methods

14  for the fair and efficient adjudication of the claims alleged in this action. The adjudication of this

15  controversy through a class action will avoid the possibility of inconsistent and potentially

16  conflicting adjudications of the asserted claims. There will be no difficulty in the management

17  of this action as a class action, and the disposition of the claims of the Class Members in a single

18  action will provide substantial benefits to all parties and to the Court. Damages for any individual

19  Class Member are likely insufficient to justify the cost of individual litigation so that, in the

20  absence of class treatment, Defendant's violations of law inflicting substantial damages in the

21  aggregate would go un-remedied.

22     32.    Class certification is also appropriate because Defendant has acted or refused to

23  act on grounds generally applicable to the Class Members, such that final injunctive relief or

24  corresponding declaratory relief is appropriate as to the Class as a whole.

25           **FIRST CAUSE OF ACTION**

26           (Intentional Misrepresentation)

27     33.    Plaintiffs repeat and incorporate herein by reference each and every allegation

28  contained in paragraphs 1 through 32, inclusive, of this Complaint as if set forth fully herein.

Exhibit 2
Page 21

1      34.    Defendant represented to Plaintiffs and the Class Members that they were

2  purchasing and consuming a beverage that did not contain any alcohol. Specifically, Defendant

3  placed a "non-alcoholic" logo on the label of its Beck's beer bottles and packages without any

4  warning that the product contains some alcohol, which is materially misleading in that the

5  beverage in fact contains some alcohol.

6      35.    The representation that Beck's non-alcoholic beer is "non-alcoholic," without

7  more, is false. Plaintiffs and the Class Members did not purchase or consume a beverage free of

8  alcohol, but rather purchased and consumed beverages containing some alcohol.

9      36.    Defendant knew that the representation at issue was misleading when Defendant

10  made it, and/or made the representation recklessly and without regard for its truth. Defendant

11  understood, or should have understood, that displaying the "non-alcoholic" logo, without more,

12  would mislead consumers into believing that they are consuming a beverage containing no

13  alcohol.

14      37.    Defendant intended that Plaintiffs and the Class Members rely on the

15  representation. The "non-alcoholic" logo was placed on Beck's beer bottles and packages for the

16  express purpose of inducing the potential customer to purchase Defendant's beverage over its

17  competitors.

18      38.    Plaintiffs and the Class Members reasonably relied on the representation.

19  Plaintiffs and the Class Members believed that the beverage they purchased and consumed a

20  beverage that did not contain any alcohol. Plaintiffs and the Class Members believed that

21  Defendant's logos on its Beck's beer bottles and packages would be accurate. Plaintiffs and the

22  Class Members purchased Beck's beer because they reasonably believed that the beverage did

23  not contain any alcohol.

24      39.    As a result, Plaintiffs and the Class members were harmed when they purchased a

25  beverage labeled as "non-alcoholic," even though it contained alcohol. Plaintiffs and the Class

26  Members were deceived into consuming alcohol. Plaintiffs and the Class members did not receive

27  the benefit of their bargain. Plaintiffs were induced to make a purchase that they would not have

28  made if they were not misled about the fact that Beck's non-alcoholic beer contains alcohol.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

1    40.    Plaintiffs' and the Class Members' reliance on Defendant's representation was a

2 substantial factor in causing this harm. Had Plaintiffs and the Class Members known that Beck's

3 non-alcoholic beer contains alcohol, they would have made different purchasing decisions and

4 would not have consumed any alcohol.

5    41.    As a direct and proximate result of Defendant's intentional misrepresentation,

6 Plaintiffs and Class Members have suffered physical and economic injury and are entitled to

7 damages in an amount to be proven at trial but in excess of the minimum jurisdictional

8 requirement of this Court.

9
## SECOND CAUSE OF ACTION

10
### (Negligent Misrepresentation)

11    42.    Plaintiffs repeat and incorporates herein by reference each and every allegation

12 contained in paragraphs 1 through 41, inclusive, of this Complaint as if set forth fully herein.

13    43.    Defendant represented to Plaintiffs and the Class Members that they were

14 purchasing a beverage that did not contain any alcohol. Specifically, Defendant placed a "non-

15 alcoholic" logo on the label of Beck's beer bottles and packages, without any warning that the

16 beverage contains some alcohol, which is materially misleading in that beverage in fact contains

17 some alcohol.

18    44.    The representation that Beck's beer is "non-alcoholic," without more, is false.

19 Plaintiffs and the Class Members did not purchase or consume a beverage that did not contain

20 any alcohol, but rather purchased and consumed beverages containing alcohol.

21    45.    Defendant had no reasonable grounds for believing that the "non-alcoholic" logo

22 would not mislead consumers into believing they are purchasing or consuming a beverage free

23 from alcohol. Beck's beer does, in fact, contain some alcohol. Since Defendant is the owner,

24 manufacturer, and distributer of Beck's, it was in the best position to know that Beck's beers

25 contain some alcohol, and that omitting the statement, "contains less than 0.5% alcohol by

26 volume," would induce consumers to purchase Beck's beer under the false belief that it contains

27 no alcohol.

28  ///

1

2    46.    Defendant intended that Plaintiffs and the Class Members rely on the

3    representation. The "non-alcoholic" logo was placed on Beck's beer bottles and packages,

4    without any warning that the beverage contains some alcohol, for the express purpose of inducing

5    Plaintiffs and the Class Members to purchase Beck's beer over its competitors under the false

6    belief that Beck's beer does not contain any alcohol.

7    47.    Plaintiffs and the Class Members reasonably relied on the representation. Based

8    on the "non-alcoholic" logo Defendant placed, or induced to be placed, on Beck's beer bottles

9    and packages, Plaintiffs and the Class Members believed that the beverages they purchased did

10   not contain any alcohol. Plaintiffs and the Class Members believed that Defendant's logos on

11   Beck's beer bottles and packages would be accurate. Plaintiffs and the Class Members purchased

12   Beck's non-alcoholic beer because they believed that it did not contain any alcohol.

13   48.    As a result, Plaintiffs and the Class members were harmed when they purchased a

14   beverage labeled as "non-alcoholic," even though it contained alcohol. Plaintiffs and the Class

15   Members were deceived into consuming alcohol. Plaintiffs and the Class members did not receive

16   the benefit of their bargain. Plaintiffs were induced to make a purchase that they would not have

17   made if they were not misled about the fact that Beck's non-alcoholic beer contains alcohol.

18   49.    Plaintiffs and the Class Members' reliance on Defendant's representation was a

19   substantial factor in causing this harm. Had Plaintiffs and the Class Members known that Beck's

20   non-alcoholic beer contains alcohol, they would have made different purchasing decisions and

21   would not have consumed any alcohol.

22   50.    As a direct and proximate result of Defendant's negligent misrepresentation,

23   Plaintiffs and Class Members have suffered physical and economic injury and are entitled to

24   damages in an amount to be proven at trial but in excess of the minimum jurisdictional

25   requirement of this Court.

26                              **THIRD CAUSE OF ACTION**

27                        (Violation of California False Advertising Law,

28                          Cal. Bus. & Prof. Code § 17500 *et. seq.*)

                                           13

1    51.    Plaintiffs repeat and incorporate herein by reference each and every allegation
2  contained in paragraphs 1 through 50, inclusive, of this Complaint as if set forth fully herein.

3    52.    Defendant's "non-alcoholic" logo, without more, is materially misleading. Beck's
4  non-alcoholic beer in fact contains alcohol. This representation was made to California residents,
5  including those in Los Angeles.

6    53.    Plaintiffs and the Class Members relied on the logo by purchasing and consuming
7  beverages that they reasonably believed did not contain any alcohol. The representation that the
8  beverages were "non-alcoholic," without more, contributed materially to Plaintiffs' and the Class
9  Members' decisions to purchase the beverages.

10    54.    As a result, Plaintiffs and the Class members were harmed when they purchased a
11  beverage labeled as "non-alcoholic," even though it contained alcohol. Plaintiffs and the Class
12  Members were deceived into consuming alcohol. Plaintiffs and the Class members did not
13  receive the benefit of their bargain. Plaintiffs were induced to make a purchase that they would
14  not have made if they were not misled about the fact that Beck's non-alcoholic beer contains
15  alcohol.

16    55.    Defendant knew, or should have known, that displaying the "non-alcoholic" logo,
17  without more, was misleading when Defendant made the representation. Defendant understood,
18  or should have understood, that displaying the "non-alcoholic" logo, without more, would mislead
19  reasonable consumers into believing that they are consuming a beverage containing no alcohol.

20    56.    Plaintiffs have suffered physical and monetary injury in fact as a direct and
21  proximate result of the violations of the False Advertising Law committed by Defendant as
22  alleged herein in an amount to be proven at trial but in excess of the minimum jurisdictional
23  amount of this Court.

### FOURTH CAUSE OF ACTION

(Violation of the Consumers Legal Remedies Act ("CLRA"),

Cal. Civ. Code § 1750, *et seq.*)

27    57.    Plaintiffs repeat and incorporate herein by reference each and every allegation
28  contained in paragraphs 1 through 56, inclusive, of this Complaint as if set forth fully herein.

14

1      58.    Defendant engaged in unfair methods of competition and unfair or deceptive acts

2 or practices in transactions with Plaintiffs and the Class Members which resulted in the unlawful

3 sale of malt beverages that contain alcohol to Plaintiffs and the Class Members.

4      59.    Plaintiffs and the Class Members purchased beverages for which Defendant

5 received direct remuneration.

6      60.    Defendant engaged in the following unfair and deceptive acts and practices in the

7 sale of these beverages: (1) Representing that goods or services have sponsorship, approval,

8 characteristics, ingredients, uses, benefits, or quantities that they do not have; (2) Representing

9 that goods or services are of a particular standard, quality, or grade, or that goods are of a

10 particular style or model, if they are of another; (3) Advertising goods or services with intent not

11 to sell them as advertised; (4) Representing that a transaction confers or involves rights, remedies,

12 or obligations that it does not have or involve, or that are prohibited by law.

13      61.    Plaintiffs and the Class Members relied on Defendant's material representations

14 that Beck's beer is "non-alcoholic," without any warning that the beverage in fact contains some

15 alcohol, in purchasing and consuming Beck's beer.

16      62.    Defendant had a duty to disclose that Beck's beer contains alcohol. A duty to

17 disclose exists when the defendant: (1) is in a fiduciary relationship with the plaintiff; (2) has

18 exclusive knowledge of material facts not known to the plaintiff; (3) actively conceals material

19 facts from the plaintiff; or (4) makes partial representations but also suppresses some material

20 fact. *In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and*

21 *Products Liability Litigation*, 754 F.Supp.2d 1145, 1172-73 (C.D. Cal. Nov. 30, 2010). As the

22 owner, manufacturer, and distributer of Beck's beer, Defendant had superior knowledge

23 regarding the risks of consuming alcohol, and therefore had a duty to disclose the material fact

24 that Beck's beer contains alcohol. Defendant had exclusive knowledge of the material fact that

25 Beck's non-alcoholic beer contains alcohol, a material fact not known to the Plaintiffs. Defendant

26 made a partial representation that Beck's beer is "non-alcoholic," yet Defendant suppressed the

27 material fact that Beck's beer in fact contains some alcohol from unsuspecting consumers.

28 Therefore, Defendant breached its duty to Plaintiffs.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

1    63. As a result of Defendant's unfair and deceptive acts, Plaintiffs and the Class

2    members were harmed when they purchased a beverage labeled as "non-alcoholic," even though

3    it contained alcohol. Plaintiffs and the Class Members were deceived into consuming alcohol.

4    Plaintiffs and the Class members did not receive the benefit of their bargain. Plaintiffs were

5    induced to make a purchase that they would not have made if they were not misled about the fact

6    that Beck's non-alcoholic beer contains alcohol.

7    64. Plaintiffs have suffered physical and monetary injury in fact as a direct and

8    proximate result of these violations of the CLRA committed by Defendant as alleged herein in an

9    amount to be proven at trial but in excess of the minimum jurisdictional amount of this Court.

10    65. Under the special notice requirement of the CLRA, Plaintiffs are required to

11    provide Defendant with written notice at least 30 days prior to the commencement of an action

12    for damages. In satisfaction of this requirement, Plaintiffs will send written notice to Defendants

13    via certified or registered mail contemporaneously with the filing of this Complaint. Plaintiffs

14    will seek to amend the Complaint to seek relief once the requisite 30-day notice period has expired

15    and to state that Plaintiffs gave Defendants proper notice. As further required by the CLRA,

16    concurrently with the filing of this Complaint, Plaintiffs will file an affidavit stating facts showing

17    that this action has been commenced in a county appropriate for the trial of this action.

18    ## FIFTH CAUSE OF ACTION

19    (Violation of the California Business & Professions Code § 25200)

20    66. Plaintiffs repeat and incorporate herein by reference each and every allegation

21    contained in paragraphs 1 through 65, inclusive, of this Complaint as set forth fully herein.

22    67. By it actions and conduct as alleged herein, Defendant has violated section 25200

23    ("Section 25200") of the California Business & Professions Code that amounts to mislabeling its

24    non-alcoholic beer bottles and packages.

25    68. Defendant has violated Section 25200 because it has failed to meet the

26    requirements of federal malt beverage labeling regulations contained in Part 7.71 of Title 27 of

27    the Code of Federal Regulations, in violation of Section 25200(a).

28    ///

16

1  69.  Defendant had an obligation to ensure that the phrase "contains less than 0.5
2  percent (or .5%) alcohol by volume" appeared in "direct conjunction" with the phrase "non-
3  alcoholic," in "readily legible printing and on a completely contrasting background" on its Beck's
4  beer bottles and packages.  27 C.F.R. 7.71(e).

5  70.  Plaintiffs each purchased a package of Beck's non-alcoholic beverage, which
6  contained the phrase "non-alcoholic," but which did not contain the statement "contains less than
7  0.5 percent (or .5%) alcohol by volume."

8  71.  Defendant's failure to ensure that the phrase "contains less than 0.5 percent (or
9  .5%) alcohol by volume," appeared in "direct conjunction" with the phrase "non-alcoholic" in
10  "readily legible printing and on a completely contrasting background" is a violation of 27 C.F.R.
11  7.71(e), which is a direct violation of the California Business & Professions Code § 25200(a).

12  72.  Plaintiffs and the Class Members relied on Defendant's representation that Beck's
13  beer is "non-alcoholic" when they made their purchase.  Because Defendant failed to warn
14  Plaintiffs and the Class members that Beck's beer contains alcohol, and to do so sufficiently,
15  Plaintiffs and the Class Members were deceived into consuming alcohol.  Plaintiffs and the Class
16  members did not receive the benefit of their bargain. Plaintiffs were induced to make a purchase
17  that they would not have made if they were not misled about the fact that Beck's non-alcoholic
18  beer contains alcohol.

19  73.  Plaintiffs have suffered physical and monetary injury in fact as a direct and
20  proximate result of the Defendant's breach of its obligations under Cal. Bus. & Prof. Code §
21  25200(a) as alleged herein in an amount to be proven at trial but in excess of the minimum
22  jurisdictional amount of this Court.

23  **SIXTH CAUSE OF ACTION**

24  (Violation of the Unfair Competition Law ("UCL"),

25  Cal. Bus. & Prof. Code § 17200, *et seq.*)

26  74.  Plaintiffs repeat and incorporate herein by reference each and every allegation
27  contained in paragraph 1 through 73, inclusive, of this Complaint as if set forth fully herein.

28  ///

1    75.    By its actions and conduct as alleged herein, Defendant has committed one or more

2    acts of unfair competition within the meaning of California Business and Professions Code §

3    17200 ("UCL") that constitute unfair, unlawful and/or fraudulent business practices as those

4    terms are defined under California law.

5    76.    Defendant's business practices are unfair under the UCL because Defendant has

6    acted in a manner that is immoral, unethical, oppressive, unscrupulous and/or substantially

7    injurious to Plaintiffs and the Class Members.  These business practices, described above, include

8    creating or causing to be created the "non-alcoholic" logo, placing the false advertisements on

9    Beck's beer bottles and packages, and failing to include the phrase "contains less than 0.5 percent

10   (or .5%) alcohol by volume" in "direct conjunction" with the phrase "non-alcoholic" in "readily

11   legible printing and on a completely contrasting background" as required by Section 25200. The

12   false advertisements is substantially injurious because it induces consumers to consume a

13   beverage containing alcohol when they do not wish to consume alcohol.  Additionally, the false

14   advertisements are substantially injurious because they induce consumers to make purchases that

15   they would not otherwise make, in expectation of receiving benefits that they do not receive.

16   77.    Further, the impact of the practice against Plaintiffs and the Class Members far

17   outweighs any possible justification or motive on the part of Defendant. The impact on Plaintiffs

18   and the Class Members has been described. Defendant can have no possible justification for

19   including a false inducement for consumers to purchase Defendant's beverages.  Plaintiffs and

20   the Class Members could not reasonably have avoided this injury because they relied on

21   Defendant's advertisement as to the quality and characteristics of their beverages, as all

22   consumers must do.

23   78.    Defendant's business practices are violative of public policy as expressed in the

24   False Advertising Law, 27 C.F.R. 7.71, and the CLRA. All of these statutes strictly forbid false

25   advertisement such as Defendant has disseminated and/or caused to be disseminated, and

26   represent expressions of public policy against this practice.

27   79.    Additionally, Defendant's business practices are unethical, immoral, and

28   unscrupulous because they induce individuals to unknowingly consume alcohol, which can be

18

COMPLAINT AND DEMAND FOR JURY TRIAL

Exhibit 2

Page 29

1  harmful for a variety of reasons to many members of the public, including Plaintiff Angiano, who
2  was breast feeding at the time she consumed Beck's beer and Plaintiff Karpinski, who was is in
3  recovery from alcoholism when he consumed Beck's beer, as well as the Class Members.

4      80.    Defendant's business practices are also unfair because they significantly threaten
5  or harm competition. Competition is fostered by an environment in which information can be
6  relied upon, so that consumers can make wise decisions, and so that products which accurately
7  reflect the consumers' wishes can flourish. While other non-alcoholic beverage manufacturers
8  adequately label their products to protect the public from unknowingly consuming alcohol,
9  Defendant misleads consumers into believing that the Beck's beer beverages they purchase and
10 consume have characteristics and qualities which they do not have, all in order to expand
11 Defendant's consumer base.

12     81.    As shown above, Defendant's business practices are also unlawful because they
13 violate the False Advertising Law, 27 C.F.R. 7.71, and the CLRA.

14     82.    Defendant's business practices are also fraudulent under the UCL because they
15 constitute representations to the public which are likely to deceive the public. The representation
16 states that Beck's beer is "non-alcoholic," creating the clear impression that the beverage does
17 not contain any alcohol, when in fact it does. The public, receiving these representations, is likely
18 to believe that the beverage in question does not contain any alcohol, and is so deceived.

19     83.    Plaintiffs and the Class Members relied on this representation when they
20 purchased Beck's beer, which they would not have otherwise purchased.

21     84.    Plaintiffs have suffered physical and monetary injury in fact as a direct and
22 proximate result of the acts of unfair competition committed by Defendant as alleged herein in an
23 amount to be proven at trial but in excess of the minimum jurisdictional amount of this Court.

24                          **SEVENTH CAUSE OF ACTION**

25                                  (Negligence)

26     85.    Plaintiffs repeat and incorporate herein by reference each and every allegation
27 contained in paragraphs 1 through 84, inclusive, of this Complaint as if set forth fully herein.

28 ///

19

COMPLAINT AND DEMAND FOR JURY TRIAL

Exhibit 2
Page 30

1      86.    Defendant owed Plaintiffs and the Class Members a duty of care to ensure that

2  Plaintiffs and the Class Members were not subjected to false advertisements as to the quality or

3  properties of the beverages for sale.

4      87.    Defendant breached its duty of care to Plaintiffs and the Class Members by

5  creating false and misleading advertisements that its product is "non-alcoholic," and affixing this

6  logo to Beck's beer bottles and packages, without warning consumers that Beck's beer contains

7  some alcohol, which ascribes to Beck's beer qualities which it does not possess.

8      88.    As a direct and proximate result of Defendant's breach of its duty of care, Plaintiffs

9  and the Class Members suffered physical and economic damages when the purchased and

10 consumed a beverage labeled as "non-alcoholic," even though it contains alcohol. Plaintiffs and

11 the Class Members were deceived into consuming alcohol. Plaintiffs and the Class Members did

12 not receive the benefits of their bargain. Plaintiffs and the Class members were induced to make

13 a purchase that they would not have made if they were not misled about the fact that Beck's non-

14 alcoholic beer contains alcohol.

15     89.    Plaintiffs have suffered physical and monetary injury in fact as a direct and

16 proximate result of the negligence committed by Defendant as alleged herein in an amount to be

17 proven at trial but in excess of the minimum jurisdictional amount of this Court

18                                          **PRAYER FOR RELIEF**

19     WHEREFORE, Plaintiffs, individually and on behalf of the Class, prays for relief as

20 follows:

21     (1) For compensatory damages in an amount to be proven at trial;

22     (2) For restitutionary damages in an amount to be proven at trial;

23     (3) For affirmative injunctive relief mandating that Defendant sufficiently display a warning

24          on its Beck's non-alcoholic beer bottles and packages that the beverage contains an exact

25          percentage of alcohol by volume;

26     (4) For costs of suit and litigation expenses;

27     (5) For such other and further relief as this Court may deem just and proper.

28    ///

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

1

## **DEMAND FOR JURY TRIAL**

2
Plaintiffs, on behalf of themselves and all others similarly situated, hereby demand a jury

3
trial for all claims so triable.

4

5
Dated: November 24, 2020                                    WILSHIRE LAW FIRM

6

7
By _____

Thiago M. Coelho

8
Cinela Aziz

*Attorneys for Plaintiffs and the*

9
*Proposed Class*

10

11

12

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28