Thiago M. Coelho (SBN 324715)
thiago@wilshirelawfirm.com
Robert J. Dart (SBN 264060)
rdart@wilshirelawfirm.com
Cinela Aziz (SBN 318192)
cinela@wilshirelawfirm.com
**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

*Attorneys for Plaintiffs*
*and the Putative Class*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE ANGIANO; CHARLEY KARPINSKI, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ANHEUSER-BUSCH INBEV WORLDWIDE, INC., a Delaware corporation; ANHEUSER-BUSCH, LLC, a Missouri limited liability company; DOES 1 to 100, inclusive,<br><br>Defendant. | CASE NO.: 2:21-cv-00435-PA-PVCx<br><br>Hon. Percy Anderson<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

1

Plaintiffs Denise Angiano and Charley Karpinski ("Plaintiffs"), individually and on behalf of all others similarly situated, bring this action based upon personal knowledge as to themselves and their own acts, and as to all other matters upon information and belief, based upon, *inter alia*, the investigation of their attorneys.

## NATURE OF THE ACTION

1.     Defendant Anheuser-Busch InBev Worldwide, Inc., a Delaware corporation headquartered in St. Louis, Missouri, produces and distributes malt beverages, including Beck's Non-Alcoholic Beer ("Beck's beer" or "Beck's non-alcoholic beer").

2.     Defendant Anheuser-Busch, LLC, a Missouri limited liability company headquartered in St. Louis, Missouri, is a wholesale distributor of malt beverages, including Beck's non-alcoholic beer.

3.     Plaintiffs Denise Angiano and Charley Karpinski ("Plaintiffs") are reasonable consumers who purchased Beck's beer reasonably believing that such beverages do not contain any alcohol.

4.     As a result of Defendants' deceptive and misleading practice of labeling Beck's beer as "non-alcoholic," without including the required warning that the beverage "contains less than 0.5 percent (or .5%) alcohol by volume" in direct conjunction with use of the phrase "non-alcoholic" in readily legible printing and on a completely contrasting background, Plaintiffs and the Class Members were induced to purchase Beck's beer, which is not devoid of alcohol as advertised.

5.     Plaintiffs reasonably relied on Defendants' representations that Beck's beer was "non-alcoholic" when making their purchases.  Plaintiffs did not observe the phrase "contains less than 0.5 percent (or .5%) alcohol by volume" on any of the bottles or packs of Beck's beer they purchased and consumed at any time.

6.     Defendants knew or should have known that their Beck's non-alcoholic beer failed to alert consumers to the fact that Beck's beer contained some alcohol.  Defendants had no reasonable ground for believing that failing include the

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

2

phrase "contains less than 0.5 percent (or .5%) alcohol by volume" in direct conjunction with the term "non-alcoholic" in readily legible printing and on a completely contrasting background would alert the reasonable consumer that Beck's beer contains some alcohol.

7.      Defendants intended to induce reasonable consumers to rely on the "non-alcoholic" term by failing to state on any of Beck's beer packs that the beverage "contains less than 0.5 percent (or .5%) alcohol by volume" in order to increase its sales.  None of Defendants' Beck's beer packs warn consumers that Beck's beer contains alcohol, as shown below:

 

///
///
///
///
///

COMPLAINT AND DEMAND FOR JURY TRIAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27   ///
28   ///

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137






4

COMPLAINT AND DEMAND FOR JURY TRIAL

8.    Plaintiffs justifiably relied on Beck's beer's "non-alcoholic" term without any warning that the beverage contains alcohol.  Plaintiffs suffered damages when they unknowingly purchased and consumed a beverage containing alcohol.  But for Defendants' deceptive and misleading practices of omitting crucial and material information, Plaintiffs and the Class Members would not have purchased or consumed Beck's beer.

9.    Defendants' false and misleading advertising deceives consumers into believing that they are consuming a malt beverage with no alcohol content whatsoever and, through this deception, Defendants seek to induce consumers to purchase Beck's beer beverages when they would otherwise have purchased another beverage which did not contain any amount of alcohol.

10.   Defendants were aware that they were not providing their customers with a beverage that did not contain any amount of alcohol, yet they proceeded to display the "non-alcoholic" advertisement on Beck's beer bottles and packs. While *some* Beck's beer bottles contain the required warning that the beverage contains some alcohol, many of those Beck's beer bottles do not contain this warning in readily legible printing or on a completely contrasting background. Moreover, no pack of Beck's beer contains the required warning.  Defendants, therefore, create the clear impression to their customers that they are purchasing and consuming a beverage that does not contain any amount of alcohol. This behavior is therefore materially misleading, in that reasonable consumers would not understand Beck's non-alcoholic beer to contain any amount of alcohol.  Thousands of consumers have purchased Beck's beer under the false belief that they are not consuming any amount of alcohol.  They have been misled. They have been deceived into consuming alcohol.

11.   Defendants' deceptive and misleading behavior is further evidenced by a comparison of Beck's non-alcoholic beer packs to nearly all of Defendants' competitors' non-alcoholic beer packs, which clearly disclose that the pack of non-

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

5

1

alcoholic beer contains some alcohol, as illustrated below:

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

COMPLAINT AND DEMAND FOR JURY TRIAL





COMPLAINT AND DEMAND FOR JURY TRIAL



COMPLAINT AND DEMAND FOR JURY TRIAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137



20   12.   Defendants have made millions of dollars in fraudulent sales to
21   individuals who Defendants told were receiving a product that does not contain any
22   alcohol, which they did not receive. Defendants' customers did not receive the
23   benefit of their bargain.  Plaintiffs were induced to consume alcohol.  Plaintiffs were
24   induced to make purchases that they would not have made if they were not misled
25   about the fact that Beck's non-alcoholic beer contains.

26   **THE PARTIES**

27   13.   Plaintiff Denise Angiano ("Plaintiff Angiano") is a California citizen
28   residing in Los Angeles, California.  Plaintiff Angiano purchased and consumed

COMPLAINT AND DEMAND FOR JURY TRIAL

Beck's non-alcoholic beer under the false belief that she purchased and consumed a beverage that did not contain any alcohol, which is not true.  As a result of Defendant's behavior, Plaintiff Angiano consumed alcohol at a time when she did not wish to consume any amount of alcohol.  Plaintiff Angiano was pregnant and breastfeeding her baby at the time she purchased and consumed Beck's beer.

14.    Plaintiff Charley Karpinski ("Plaintiff Karpinski") is a California citizen residing in Studio City, California.  Plaintiff Karpinski purchased and consumed Beck's non-alcoholic beer under the false belief that the beverage does not contain any alcohol, which is not true.  As a result of Defendant's behavior, Plaintiff Karpinski consumed alcohol at a time when he did not wish to consume any amount of alcohol.  Plaintiff Karpinski is in recovery from alcoholism.

15.    As used herein, "Plaintiffs" shall refer to Plaintiff Angiano and Plaintiff Karpinski, collectively.

16.    Defendant Anheuser-Busch InBev Worldwide, Inc. is a Delaware corporation with its principal offices located at One Busch Place, St. Louis, Missouri 63118.

17.    Defendant Anheuser-Busch, LLC is a Missouri corporation with its principal offices located at One Busch Place, St. Louis, Missouri 63118.

18.    As used herein, "Defendants" shall refer to Defendant Anheuser-Busch InBev Worldwide, Inc., Defendant Anheuser-Busch, LLC, and Does 1 to 100, collectively.

19.    Plaintiffs are unaware of the true names, identities, and capacities of the defendants sued herein as DOES 1 to 100.  Plaintiffs will seek leave to amend this complaint to allege the true names and capacities of DOES 1 to 100 if and when ascertained.  Plaintiffs are informed and believe, and thereupon allege, that each of the defendants sued herein as a DOE is legally responsible in some manner for the events and happenings alleged herein and that each of the defendants sued herein

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

10

COMPLAINT AND DEMAND FOR JURY TRIAL

1 | as a DOE proximately caused injuries and damages to Plaintiffs and Class Members
2 | as set forth below.

### JURISDICTION AND VENUE

3 |

4 | 20.   This Court has subject matter jurisdiction over this action pursuant to
5 | the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453. The
6 | matter in controversy, exclusive of interest and costs, exceeds the sum or value of
7 | $5,000,000, and there is diversity of citizenship between Plaintiffs and Defendants.

8 | 21.   The Court has personal jurisdiction over Defendants because
9 | Plaintiffs' and the Class Members' claims arise out Defendants' business activities
10 | conducted in the State of California.

11 | 22.   Venue is appropriate in the Central District of California under 28
12 | U.S.C. § 1391(b)(2) because Plaintiffs reside within it, a substantial part of the
13 | events or omissions giving rise to the claim occurred within this district, and
14 | Defendants caused harm to Class Members residing in this district.

### FACTUAL ALLEGATIONS

15 |

16 | 23.   Defendants are the owners, manufacturers, and distributors of Beck's
17 | Non-Alcoholic Beer.

18 | 24.   There are two different categories of non-alcoholic beers. The first
19 | category is "alcohol free" beer, which contains no detectable levels of alcohol and
20 | is often labeled as being "alcohol free" and having "0.0%" alcohol by volume
21 | ("ABV"). The second category is "non-alcoholic" beer, which can contain up to
22 | 0.5% ABV. All non-alcoholic beers with any detectable amount of alcohol fall into
23 | the second category. This lawsuit pertains to the second category of non-alcoholic
24 | beers with detectable amounts of alcohol. Beck's beer is a malt beverage which
25 | contains some alcohol less than 0.5% ABV but higher than 0.0% ABV, and is made
26 | by the process of alcoholic fermentation. However, Defendants fail to warn
27 | consumers that Beck's beer contains alcohol, leading reasonable consumers to
28 | believe that they are consuming alcohol free beer.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

25.     The distinction between "alcohol free" and "non-alcoholic" beverages is important for many consumers, including individuals who are pregnant or breastfeeding, people recovering from alcoholism, and any other individual who does not wish to consume any amount of alcohol for any reason.  Those abstaining from alcohol inadvertently consume alcohol by drinking Beck's beer because it lacks sufficient warning that it contains some alcohol. These consumers are induced to purchase a product they would not have otherwise purchased.

26.     Plaintiffs are consumers who each purchased multiple packs of Beck's beer reasonably believing that Beck's beer does not contain any amount of alcohol. When Plaintiffs made their purchases, they saw the labeling and packaging of the beverage, including the large prominent "non-alcoholic" term on every side of the pack, on bottle caps, and on the bottle labels.  Plaintiffs did not observe the phrase "contains less than 0.5 percent (or .5%) alcohol by volume" on any of the bottles or packs of Beck's beer they purchased and consumed at any time, which prevented Plaintiffs and other reasonable consumers from discovering that Beck's beer contains alcohol.

27.     Plaintiff Angiano was pregnant and breastfeeding her child when she purchased and consumed Beck's beer from, among other places and instances, a BevMo! store in Manhattan Beach, California on or about October 21, 2020. Plaintiff Angiano saw the phrase "non-alcoholic" multiple places on the packaging of Beck's beer, but did not see any other statement on the package or bottles indicating that the beer contains any alcohol.  Plaintiff Angiano made her purchases based on the reasonable, but false, belief that she would consume a beverage that does not contain any alcohol.  Plaintiff Angiano was misled.  Plaintiff Angiano was pregnant when she consumed Beck's beer and inadvertently consumed alcohol. Plaintiff Angiano was breastfeeding when she consumed Beck's beer and inadvertently consumed alcohol.  Plaintiff Angiano's child was placed at risk of

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

COMPLAINT AND DEMAND FOR JURY TRIAL

injury.  Plaintiff Angiano would not have purchased Beck's beer if she had known that it contains some alcohol.

28.     According to the American College of Obstetrics and Gynecology, drinking alcohol while pregnant is the cause of fetal alcohol spectrum disorder ("FASD"), which is an umbrella term for a variety of problems that can develop if a child is exposed to alcohol while a fetus in the womb. The most severe form of FASD is called "fetal alcohol syndrome," which is characterized by facial abnormalities, stunted growth, and behavioral and mental disabilities. It is unknown exactly how much alcohol must be consumed to affect a fetus and result in long term health consequences to that child.

29.     Alcohol abuse by a breastfeeding mother can result in slow weight gain and failure to thrive in her baby. There is no level of alcohol in breast milk that is considered safe for a baby to drink. When a breastfeeding mother drinks alcohol, it passes into her breast milk at concentrations similar to those found in her blood stream. A newborn eliminates alcohol from his or her body at only half the rate of an adult. Research suggests that breast-fed babies who are exposed to one drink a day might have impaired motor development and that alcohol can cause changes in sleep patterns. Alcohol also reduces milk production and the presence of alcohol in breast milk causes babies to drink about 20% less breast milk. Further, pumping-and-dumping breast milk does not speed the elimination of alcohol from the mother's body.

30.     Plaintiff Karpinski is in recovery from alcoholism, and was in recovery from alcoholism when he purchased and consumed Beck's beer from, among other places and instances, a Gelson's store in Valley Village, California on or about September 2020.  Plaintiff Karpinski saw the phrase "non-alcoholic" multiple places on the Beck's beer packaging, but did not see any other statement on the package or bottles indicating that the beer contains any alcohol. Plaintiff Karpinski made his purchase based on the reasonable, but false, belief that he would consume

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

a beverage that does not contain any alcohol.  Plaintiff Karpinski was misled. Plaintiff Karpinski consumed Beck's beer and inadvertently consumed alcohol. Upon discovering that Beck's beer contains alcohol, Plaintiff Karpinski discarded his three remaining bottles.  Plaintiff Karpinski would not have purchased Beck's beer if he had known that it contains some alcohol.

31.     Researchers have shown that drinking non-alcoholic beer can sharply increase blood alcohol level in certain instances, as well as lead some individuals to test positive for alcohol metabolites in their urine or breath. Additionally, many non-alcoholic beers often contain more alcohol than their label claims.

32.     Defendants do not display the same label on each of their Beck's non-alcoholic beer bottles or packs sold within California during the applicable time period.  Defendants include the warning "contains less than 0.5 percent (or .5%) alcohol by volume" on only *some* of their Beck's beer bottles, and even when they do so, they do not include the warning in direct conjunction with the "non-alcoholic" term, in readily legible printing, or on a completely contrasting background as required by 27 CFR 7.71(e), as memorialized in California Business & Professions Code § 25200(a).

33.     Defendants have omitted the alcohol warning statement altogether, or written it inconspicuously, on many of their Beck's beer bottles, including those purchased by Plaintiffs. The following photos accurately depict bottles and packs of Beck's beer similar to those purchased by Plaintiffs.:



///

COMPLAINT AND DEMAND FOR JURY TRIAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137



34.    Plaintiffs believed that the "non-alcoholic" term on Beck's beer, without information to the contrary, meant that Plaintiffs would not be consuming any alcohol.  Plaintiffs made their purchase in reliance upon this belief.  Plaintiffs were misled into consuming alcohol when they did not want to consume any alcohol and made purchasing decisions reflecting their desire to not consume any alcohol.

15

1   Had Plaintiffs known that Beck's non-alcoholic beer contains alcohol, they would

2   not have purchased the beverage.

3       35.    Accordingly, Plaintiffs purchased Beck's non-alcoholic beer in

4   reliance on a false representation created by Defendants, and/or at Defendant's

5   behest, and placed on Beck's non-alcoholic beer bottles and packs.  Plaintiffs

6   inadvertently consumed alcohol and did not receive the benefit of their bargain,

7   which amounts to a malt beverage that contains no alcohol.  Upon discovering that

8   Beck's non-alcoholic beer contains alcohol, Plaintiff Karpinski discarded the three

9   remaining bottles of the beverage and neither Plaintiff has since purchased Beck's

10  non-alcoholic beer.

### CLASS ACTION ALLEGATIONS

12      36.    Plaintiffs bring this action on their own behalf and pursuant to

13  California Code of Civil Procedure § 382.  Plaintiffs intend to seek certification of

14  a class defined as follows:

> All consumers residing in California who purchased Beck's
> non-alcoholic beer packs from November 24, 2016 through final
> entry of judgment. (the "Class").

17      37.    Excluded from the Class are: (a) Defendants, including any entity in

18  which any of the Defendants have a controlling interest, is a parent or a subsidiary

19  of, or which is controlled by any of the Defendant; (b) the officers, directors, and

20  legal representatives of Defendants; and (c) the judge and the court personnel in this

21  case as well as any members of their immediate families.  Plaintiffs reserve the right

22  to amend the definition of the Class if discovery, further investigation and/or rulings

23  by the Court dictate that it should be modified.

24      38.    *Numerosity*. The members of the Class are so numerous that the

25  joinder of all Class Members is impractical. While the exact number of Class

26  Members is unknown to Plaintiffs at this time, given the number of Defendants'

27  customers in California, it stands to reason that the number of Class Members is at

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

16

COMPLAINT AND DEMAND FOR JURY TRIAL

least in the thousands. Class Members are readily identifiable from information and records in Defendants' possession, custody, or control, such as account information, sales records, and its policies and procedures surrounding the use of each version of the Beck's non-alcoholic beer label on bottles and packs sold by Defendants in the State of California.

39.   *Commonality and Predominance*. There are questions of law and fact common to Class Members, which predominate over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

a.   Whether Defendants own, manufacture, and distribute Beck's non-alcoholic beer;

b.   The percentage ABV contained in Beck's non-alcoholic beer;

c.   Whether Defendants wrote, or caused to be written, the phrase "non-alcoholic" on the label of each and every Beck's non-alcoholic beer bottle sold in the State of California;

d.   Whether Defendants wrote, or caused to be written, the phrase "non-alcoholic" on each and every Beck's non-alcoholic beer pack sold in the State of California;

e.   Whether Defendants omitted a warning from any Beck's non-alcoholic beer bottles marked as "non-alcoholic" that the beverage contained some amount of alcohol;

f.   Whether Defendants omitted a warning from any Beck's non-alcoholic beer packs marked as "non-alcoholic" that the beverage contained some amount of alcohol;

g.   Whether Defendants omitted the phrase, "contains less than 0.5% alcohol by volume" from any Beck's non-alcoholic beer bottles marked as "non-alcoholic" and sold in the State of California, including those Beck's beer bottles and packs that were purchased by

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12ᵗʰ Floor
Los Angeles, CA 90010-1137

Plaintiffs;

h.    Whether Defendants omitted the phrase, "contains less than 0.5% alcohol by volume" from any Beck's non-alcoholic beer packs marked as "non-alcoholic" and sold in the State of California, including those Beck's beer bottles and packs that were purchased by Plaintiffs;

i.    Whether Defendants wrote, or caused to be written, the phrase, "contains less than 0.5% alcohol by volume" on each and every Beck's non-alcoholic beer bottle in readily legible print on a completely contrasting background in direct conjunction with the phrase "non-alcoholic";

j.    Whether Defendants wrote, or caused to be written, the phrase, "contains less than 0.5% alcohol by volume" on each and every Beck's non-alcoholic beer pack in readily legible print on a completely contrasting background in direct conjunction with the phrase "non-alcoholic";

k.    Whether Defendants had a policy of warning their California Beck's beer customers on each and every Beck's beer bottle that the beverage contains some alcohol;

l.    Whether Defendants had a policy of warning their California Beck's beer customers on each and every Beck's beer pack that the beverage contains some alcohol;

m.    Whether Defendants had a policy of warning their California Beck's beer customers on each and every Beck's beer bottle that the beverage "contains less than 0.5% alcohol by volume," in direct conjunction with the phrase "non-alcoholic," printed legibly on a completely contrasting background;

n.    Whether Defendants had a policy of warning their California Beck's beer customers on each and every Beck's beer pack that the beverage

COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12ᵗʰ Floor
Los Angeles, CA 90010-1137

"contains less than 0.5% alcohol by volume," in direct conjunction with the phrase "non-alcoholic," printed legibly on a completely contrasting background;

o.      Whether Defendants knew or should have known that they must warn Beck's beer customers in writing that the beverage contains some alcohol;

p.      Whether Defendants knew or should have known that they must warn Beck's beer customers in writing that the beverage "contains less than 0.5% alcohol by volume," in direct conjunction with the phrase "non-alcoholic," printed legibly on a completely contrasting background on each and every bottle and pack of Beck's beer;

q.      Whether Defendants owed a duty of care to their customers to ensure that Beck's non-alcoholic beer bottles and packs did not contain misrepresentations, and the scope of that duty of care;

r.      Whether Defendants owed a duty to investigate the claims and omissions made on Beck's non-alcoholic beer bottles and packs so as to prevent false advertising to consumers, and the scope of that duty;

s.      The nature of the relief, including equitable relief, to which Plaintiffs and Class Members are entitled; and

t.      Whether Plaintiffs and Class Members are entitled to damages, civil penalties and/or injunctive relief.

40.     *Typicality*. Plaintiffs' claims are typical of those of other Class Members because Plaintiffs, like the other Class Members, wished to abstain from alcohol and purchased Beck's non-alcoholic beer, which was advertised in such a way as to lead reasonable consumers to believe that the beverage does not contain any alcohol, but which does contain some alcohol.

41.     *Adequacy of Representation*. Plaintiffs will fairly and adequately represent and protect the interests of the Class Members.  Plaintiffs have retained

19

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

competent counsel experienced in litigation of class actions, including consumer class actions, and Plaintiffs intend to prosecute this action vigorously. Plaintiffs and Class Members have a unified and non-conflicting interest in pursuing the same claims and obtaining the same relief. Therefore, all Class Members will be fairly and adequately represented by Plaintiffs and their counsel.

42. *Superiority of Class Action*. A class action is superior to other available methods for the fair and efficient adjudication of the claims alleged in this action. The adjudication of this controversy through a class action will avoid the possibility of inconsistent and potentially conflicting adjudications of the asserted claims. There will be no difficulty in the management of this action as a class action, and the disposition of the claims of the Class Members in a single action will provide substantial benefits to all parties and to the Court. Damages for any individual Class Member are likely insufficient to justify the cost of individual litigation so that, in the absence of class treatment, Defendants' violations of law inflicting substantial damages in the aggregate would go un-remedied.

43. Class certification is also appropriate because Defendants have acted or refused to act on grounds generally applicable to the Class Members, such that final injunctive relief or corresponding declaratory relief is appropriate as to the Class as a whole.

## FIRST CAUSE OF ACTION

### (Intentional Misrepresentation)

44. Plaintiffs repeat and incorporate herein by reference each and every allegation contained in paragraphs 1 through 43, inclusive, of this Complaint as if set forth fully herein.

45. Defendants represented to Plaintiffs and the Class Members that they were purchasing and consuming a beverage that did not contain any alcohol. Specifically, Defendants placed the term "non-alcoholic" on the label of its Beck's beer bottles and packs.

COMPLAINT AND DEMAND FOR JURY TRIAL

46.     Defendants failed to warn consumers that Beck's non-alcoholic beer bottles contain some alcohol, which is materially misleading in that the beverage in fact contains some alcohol.

47.     The representation that Beck's non-alcoholic beer is "non-alcoholic," without the required language that the beverage "contains less than 0.5% (or .5%) alcohol by volume" in direct conjunction with the term "non-alcoholic," in readily legible printing, and on a completely contrasting background is false.  Plaintiffs and the Class Members did not purchase or consume a beverage free of alcohol, but rather purchased and consumed beverages containing some alcohol.

48.     Defendants knew that the representation at issue was misleading when Defendants made it, and/or made the representation recklessly and without regard for its truth.  Defendants understood, or should have understood, that displaying the "non-alcoholic" term, without the required language that the beverage "contains less than 0.5% (or .5%) alcohol by volume" in direct conjunction with the term "non-alcoholic," in readily legible printing, and on a completely contrasting background would mislead consumers into believing that they are consuming a beverage containing no alcohol.

49.     Defendants' knowledge of the false impression created by the term "non-alcoholic" on its Beck's beer bottles and packs is evidenced by the fact that Defendant included the required language that the beverage "contains less than 0.5% (or .5%) alcohol by volume" on *some* of their beer bottles, but omitted it from all packs of Beck's beer, which is the primary way consumers interact with and purchase Beck's beer.  Further, reasonable consumers do not individually inspect bottles of beer in the beer packs they purchase.

50.     Defendants intended that Plaintiffs and the Class Members rely on the representation.  The "non-alcoholic" term was placed on Beck's beer bottles and packs for the express purpose of inducing the potential customer to purchase Defendants' beverage over its competitors.

21

COMPLAINT AND DEMAND FOR JURY TRIAL

51.     Plaintiffs and the Class Members reasonably relied on the representation.  Plaintiffs and the Class Members believed that the beverage they purchased and consumed a beverage that did not contain any alcohol.  Plaintiffs and the Class Members believed that Defendants' terms on its Beck's beer bottles and packs would be accurate and complete.  Plaintiffs and the Class Members purchased Beck's beer because they reasonably believed that the beverage did not contain any alcohol.

52.     As a result, Plaintiffs and the Class members were harmed when they purchased a beverage labeled as "non-alcoholic," but which did not contain the required language that the beverage "contains less than 0.5% (or .5%) alcohol by volume" in direct conjunction with the term "non-alcoholic," in readily legible printing, and on a completely contrasting background.  Plaintiffs and the Class Members were deceived into purchasing and consuming a beverage that contained alcohol.  Plaintiffs and the Class members did not receive the benefit of their bargain.  Plaintiffs were induced to make a purchase that they would not have made if they were not misled about the fact that Beck's non-alcoholic beer contains alcohol.

53.     Plaintiffs' and the Class Members' reliance on Defendants' representation was a substantial factor in causing this harm.  Had Plaintiffs and the Class Members known that Beck's non-alcoholic beer contains alcohol, they would have made different purchasing decisions and would not have consumed any alcohol.

54.     As a direct and proximate result of Defendant's intentional misrepresentation, Plaintiffs and Class Members have suffered physical and economic injury and are entitled to damages in an amount to be proven at trial but in excess of the minimum jurisdictional requirement of this Court.

///

///

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

COMPLAINT AND DEMAND FOR JURY TRIAL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

## **SECOND CAUSE OF ACTION**

### (Negligent Misrepresentation)

55.     Plaintiffs repeat and incorporates herein by reference each and every allegation contained in paragraphs 1 through 54, inclusive, of this Complaint as if set forth fully herein.

56.     Defendant represented to Plaintiffs and the Class Members that they were purchasing a beverage that did not contain any alcohol. Specifically, Defendant placed a "non-alcoholic" term on the label of Beck's beer bottles and packs, without the required language that the beverage "contains less than 0.5% (or .5%) alcohol by volume" in direct conjunction with the term "non-alcoholic," in readily legible printing, and on a completely contrasting background, which is materially misleading in that beverage in fact contains some alcohol.

57.     The representation that Beck's beer is "non-alcoholic," without the required language that the beverage "contains less than 0.5% (or .5%) alcohol by volume" in direct conjunction with the term "non-alcoholic," in readily legible printing, and on a completely contrasting background is false and misleading. Plaintiffs and the Class Members did not purchase or consume a beverage that did not contain any alcohol, but rather purchased and consumed beverages containing alcohol.

58.     Defendants had no reasonable grounds for believing that failing to warn consumers that Beck's "non-alcoholic" beer actually contains some alcohol, and to do so conspicuously, would not mislead consumers.  Beck's beer does, in fact, contain some alcohol.  Since Defendants are the owners, manufacturers, and distributers of Beck's beer, they were in the best position to know that Beck's beer contains some alcohol, and that failing to include the required language that the beverage "contains less than 0.5% (or .5%) alcohol by volume" in direct conjunction with the term "non-alcoholic," in readily legible printing, and on a completely contrasting background would induce consumers to purchase Beck's

23

COMPLAINT AND DEMAND FOR JURY TRIAL

1   beer under the false belief that it contains no alcohol.

2         59.    Defendants intended that Plaintiffs and the Class Members rely on the

3   representation.  The "non-alcoholic" term was placed on Beck's beer bottles and

4   packs, without the required language that the beverage "contains less than 0.5% (or

5   .5%) alcohol by volume" in direct conjunction with the term "non-alcoholic," in

6   readily legible printing, and on a completely contrasting background, for the

7   express purpose of inducing Plaintiffs and the Class Members to purchase Beck's

8   beer over its competitors under the false belief that Beck's beer does not contain

9   any alcohol.

10         60.    Plaintiffs and the Class Members reasonably relied on the

11   representation.  Based on the "non-alcoholic" term Defendants placed, or caused to

12   be placed, on Beck's beer bottles and packs, Plaintiffs and the Class Members

13   believed that the beverages they purchased did not contain any alcohol.  Plaintiffs

14   and the Class Members believed that Defendants' terms on Beck's beer bottles and

15   packs would be accurate and complete.  Plaintiffs and the Class Members purchased

16   Beck's non-alcoholic beer because they believed that it did not contain any alcohol.

17         61.    As a result, Plaintiffs and the Class members were harmed when they

18   purchased a beverage labeled as "non-alcoholic," even though it contained alcohol.

19   Plaintiffs and the Class Members were deceived into consuming alcohol.  Plaintiffs

20   and the Class members did not receive the benefit of their bargain.  Plaintiffs were

21   induced to make a purchase that they would not have made if they were not misled

22   about the fact that Beck's non-alcoholic beer contains alcohol.

23         62.    Plaintiffs and the Class Members' reliance on Defendants'

24   representation was a substantial factor in causing this harm.  Had Plaintiffs and the

25   Class Members known that Beck's non-alcoholic beer contains alcohol, they would

26   have made different purchasing decisions and would not have consumed any

27   alcohol.

28         63.    As a direct and proximate result of Defendants' negligent

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

24

COMPLAINT AND DEMAND FOR JURY TRIAL

misrepresentation, Plaintiffs and Class Members have suffered physical and economic injury and are entitled to damages in an amount to be proven at trial but in excess of the minimum jurisdictional requirement of this Court.

## **THIRD CAUSE OF ACTION**

(Violation of California False Advertising Law,

Cal. Bus. & Prof. Code § 17500 *et. seq.*)

64.    Plaintiffs repeat and incorporate herein by reference each and every allegation contained in paragraphs 1 through 63, inclusive, of this Complaint as if set forth fully herein.

65.    Defendant's "non-alcoholic" term, without the required language that the beverage "contains less than 0.5% (or .5%) alcohol by volume" in direct conjunction with the term "non-alcoholic," in readily legible printing, and on a completely contrasting background, is materially misleading.  Beck's non-alcoholic beer in fact contains alcohol. This representation was made to California residents, including those in the Central District.

66.    Plaintiffs and the Class Members relied on the term "non-alcoholic" by purchasing and consuming beverages that they reasonably believed did not contain any alcohol.  The representation that the beverages were "non-alcoholic," without the required language that the beverage "contains less than 0.5% (or .5%) alcohol by volume" in direct conjunction with the term "non-alcoholic," in readily legible printing, and on a completely contrasting background, contributed materially to Plaintiffs' and the Class Members' decisions to purchase the beverages.

67.    As a result, Plaintiffs and the Class members were harmed when they purchased a beverage labeled as "non-alcoholic," even though it contained alcohol. Plaintiffs and the Class Members were deceived into consuming alcohol.  Plaintiffs and the Class members did not receive the benefit of their bargain.  Plaintiffs were induced to make a purchase that they would not have made if they were not misled

25

COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

1    about the fact that Beck's non-alcoholic beer contains alcohol.

2         68.    Defendants knew, or should have known, that displaying the "non-

3    alcoholic" term, without the required language that the beverage "contains less than

4    0.5% (or .5%) alcohol by volume" in direct conjunction with the term "non-

5    alcoholic," in readily legible printing, and on a completely contrasting background

6    was misleading when Defendants made the representation.  Defendant understood,

7    or should have understood, that displaying the "non-alcoholic" term, without the

8    required language that the beverage "contains less than 0.5% (or .5%) alcohol by

9    volume" in direct conjunction with the term "non-alcoholic," in readily legible

10   printing, and on a completely contrasting background, would mislead reasonable

11   consumers into believing that they are consuming a beverage containing no alcohol.

12        69.    Defendants' knowledge of the false impression created by the term

13   "non-alcoholic" on its Beck's beer bottles and packs is evidenced by the fact that

14   Defendant included the required language that the beverage "contains less than

15   0.5% (or .5%) alcohol by volume" on *some* of their beer bottles, but omitted it from

16   all packs of Beck's beer, which is the primary way consumers interact with and

17   purchase Beck's beer.  Further, reasonable consumers do not individually inspect

18   bottles of beer in the beer packs they purchase.

19        70.    Plaintiffs have suffered physical and monetary injury in fact as a direct

20   and proximate result of the violations of the False Advertising Law committed by

21   Defendants as alleged herein in an amount to be proven at trial but in excess of the

22   minimum jurisdictional amount of this Court.

23        **FOURTH CAUSE OF ACTION**

24   (Violation of the Consumers Legal Remedies Act ("CLRA"),

25   Cal. Civ. Code § 1750, *et seq.*)

26        71.    Plaintiffs repeat and incorporate herein by reference each and every

27   allegation contained in paragraphs 1 through 70, inclusive, of this Complaint as if

28   set forth fully herein.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

COMPLAINT AND DEMAND FOR JURY TRIAL

72.     Defendants engaged in unfair methods of competition and unfair or deceptive acts or practices in transactions with Plaintiffs and the Class Members which resulted in the unlawful sale of malt beverages that contain alcohol to Plaintiffs and the Class Members.

73.     Plaintiffs and the Class Members purchased beverages for which Defendants received direct remuneration.

74.     Defendants engaged in the following unfair and deceptive acts and practices in the sale of these beverages:  (1) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have; (2) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; (3) Advertising goods or services with intent not to sell them as advertised; (4) Representing that a transaction confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law.

75.     Plaintiffs and the Class Members relied on Defendants' material representations that Beck's beer is "non-alcoholic," without the required language that the beverage "contains less than 0.5% (or .5%) alcohol by volume" in direct conjunction with the term "non-alcoholic," in readily legible printing, and on a completely contrasting background, in purchasing and consuming Beck's beer.

76.     Defendant had a duty to disclose that Beck's beer contains alcohol, and to do so conspicuously. A duty to disclose exists when the defendant: (1) is in a fiduciary relationship with the plaintiff; (2) has exclusive knowledge of material facts not known to the plaintiff; (3) actively conceals material facts from the plaintiff; or (4) makes partial representations but also suppresses some material fact. *In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation*, 754 F.Supp.2d 1145, 1172-73 (C.D. Cal. Nov. 30, 2010).

77.     As the owner, manufacturer, and distributor of Beck's beer,

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12ᵗʰ Floor
Los Angeles, CA 90010-1137

27

Defendants had superior knowledge regarding the risks of consuming alcohol, and therefore had a duty to disclose the material fact that Beck's beer contains alcohol. Defendants had exclusive knowledge of the material fact that Beck's non-alcoholic beer contains alcohol, a material fact not known to the Plaintiffs. Defendants made a partial representation that Beck's beer is "non-alcoholic," yet Defendant suppressed the material fact that Beck's beer in fact contains some alcohol from unsuspecting consumers. Defendant made a partial representation that Beck's beer is "non-alcoholic," yet Defendant failed to include the required language that the beverage "contains less than 0.5% (or .5%) alcohol by volume" in direct conjunction with the term "non-alcoholic," in readily legible printing, and on a completely contrasting background. Therefore, Defendants breached their duty to Plaintiffs.

78.     Defendants had a duty to investigate the claims and omissions made on Beck's non-alcoholic beer bottles and packs so as to prevent false advertising to consumers. Defendants failed to investigate the claims and omissions made on Beck's non-alcoholic beer bottles and packs. Defendants failed include the required language that the beverage "contains less than 0.5% (or .5%) alcohol by volume" in direct conjunction with the term "non-alcoholic," in readily legible printing, and on a completely contrasting background on each bottle and pack of Beck's beer. Such omission misled reasonable consumers into believing that Beck's non-alcoholic beer does not contain any alcohol, which resulted in the inadvertent purchase and consumption of alcohol by reasonable consumers. Therefore, Defendants breached their duty to Plaintiffs.

79.     As a result of Defendants' unfair and deceptive acts, Plaintiffs and the Class members were harmed when they purchased a beverage labeled as "non-alcoholic," even though it contained alcohol. Plaintiffs and the Class Members were deceived into consuming alcohol. Plaintiffs and the Class members did not receive the benefit of their bargain. Plaintiffs were induced to make a purchase that

1   they would not have made if they were not misled about the fact that Beck's non-

2   alcoholic beer contains alcohol.

3       80.     Plaintiffs have suffered physical and monetary injury in fact as a direct

4   and proximate result of these violations of the CLRA committed by Defendants as

5   alleged herein in an amount to be proven at trial but in excess of the minimum

6   jurisdictional amount of this Court.

7       81.     Under the special notice requirement of the CLRA, Plaintiffs are

8   required to provide Defendants with written notice at least 30 days prior to the

9   commencement of an action for damages.  In satisfaction of this requirement,

10  Plaintiffs will send written notice to Defendants via certified or registered mail

11  contemporaneously with the filing of this Complaint.  Plaintiffs will seek to amend

12  the Complaint to seek relief once the requisite 30-day notice period has expired and

13  to state that Plaintiffs gave Defendants proper notice.

**FIFTH CAUSE OF ACTION**

(Breach of the Implied Warranty of Merchantability

Cal. Com. Code § 2314.)

17      82.     Plaintiffs repeat and incorporate herein by reference each and every

18  allegation contained in paragraphs 1 through 81, inclusive, of this Complaint as set

19  forth fully herein.

20      83.     Defendants are each a "merchant" of Beck's non-alcoholic beer within

21  the meaning of California Commercial Code § 2104.  Defendants manufacture,

22  distribute, and market Beck's beer, which constitute "goods" within the meaning of

23  California Commercial Code § 2105.  Consequently, pursuant to California

24  Commercial Code § 2314, Defendants impliedly warrant that Beck's beer is

25  merchantable, including that it would conform to the promise or affirmation of fact

26  made on its labels or packs.

27      84.     Plaintiffs and Class Members purchased Defendants' Beck's beer,

28  which, as stated above, bear a promise of fact with respect to not containing any

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

29

alcohol content. However, Plaintiffs and Class Members did not receive goods that conformed to the promise of fact on their labels or packs. Cal. Com. Code § 2314(2)(a) and (2)(f).

85. As provided by California Commercial Code § 2607, Plaintiffs, individually and on behalf of the Class, will send written notice to Defendants via certified or registered mail of their breach of warranty contemporaneously with the filing of this Complaint to give Defendants a reasonable opportunity to cure such breach. If after a reasonable opportunity, Defendants fail to cure such breach, Plaintiffs will seek to amend the Complaint to seek relief and to state that Plaintiffs gave Defendants proper notice.

## SIXTH CAUSE OF ACTION

(Violation of Magnusson-Moss Warranty Act ("MMWA"),

15 U.S.C. § 2301, *et seq.*)

86. Plaintiffs repeat and incorporate herein by reference each and every allegation contained in paragraph 1 through 85, inclusive, of this Complaint as if set forth fully herein.

87. Plaintiffs and the Class Members are "consumers" as defined in 15 U.S.C. § 2301(3).

88. Defendants are "suppliers" and "warrantors" as defined in 15 U.S.C. § 2301(4) and (5).

89. Defendants' Beck's Beer is a "consumer product" as defined in 15 U.S.C. § 2301(1).

90. In connection with their sale of Beck's beer, Defendants gave to Plaintiffs and all Class Members who purchased Beck's beer an implied warranty as defined in 15 U.S.C. § 2301(7); namely, the implied warranty of merchantability. Specifically, Defendants warranted that Beck's beer would conform to the promise or affirmation of fact made on its labels or packs. Because Beck's beer did not conform to the promise or affirmation of fact about not containing any alcohol

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

30

content made on its labels or packs, Defendants breached the implied warranty of merchantability.

91.    By reason of Defendants' breach of the implied warranty of merchantability, Defendants proximately caused damage to Plaintiffs and the Class Members and are therefore liable to Plaintiffs and the Class members pursuant to 15 U.S.C. § 2310(d)(1).

92.    Pursuant to 15 U.S.C. § 2310(d)(1), Plaintiffs and the Class Members are entitled to recover the damages proximately caused to them by Defendants' breaches of implied warranty.

93.    In addition, pursuant to 15 U.S.C. § 2310(d)(2), Plaintiffs and the Class members are entitled to recover a sum equal to the aggregate amount of costs and expenses (including attorneys' fees based on actual time expended) determined by the Court to have been reasonably incurred by Plaintiffs and the Class Members in connection with the commencement and prosecution of this action.

94.    Pursuant to 15 U.S.C. § 2310(e), Plaintiffs, individually and on behalf of the Class, will send written notice to Defendants via certified or registered mail of their breach of warranty and violation of the MMWA contemporaneously with the filing of this Complaint to give Defendants a reasonable opportunity to cure such breach.  If after a reasonable opportunity, Defendants fail to cure such breach, Plaintiffs will seek to amend the Complaint to seek relief and to state that Plaintiffs gave Defendants proper notice.

## SEVENTH CAUSE OF ACTION

(Violation of the Unfair Competition Law ("UCL"),

Cal. Bus. & Prof. Code § 17200, *et seq.*)

95.    Plaintiffs repeat and incorporate herein by reference each and every allegation contained in paragraph 1 through 94, inclusive, of this Complaint as if set forth fully herein.

96.    By their actions and conduct as alleged herein, Defendants have

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

31

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

committed one or more acts of unfair competition within the meaning of California Business and Professions Code § 17200 ("UCL") that constitute unfair, unlawful and/or fraudulent business practices as those terms are defined under California law.

97.     Defendants' business practices are unfair under the UCL because Defendants have acted in a manner that is immoral, unethical, oppressive, unscrupulous and/or substantially injurious to Plaintiffs and the Class Members. These business practices, described above, include creating or causing to be created the "non-alcoholic" term, placing the term on Beck's beer bottles and packs, and failing to include the phrase "contains less than 0.5 percent (or .5%) alcohol by volume" in "direct conjunction" with the phrase "non-alcoholic" in "readily legible printing and on a completely contrasting background" as required by 27 CFR 7.71(e), as memorialized in California Business & Professions Code § 25200(a), rendering the advertisement false. These false advertisements are substantially injurious because they induce consumers to consume a beverage containing alcohol when they do not wish to consume alcohol.  Additionally, the false advertisements are substantially injurious because they induce consumers to make purchases that they would not otherwise make, in expectation of receiving benefits that they do not receive.

98.     Further, the impact of the practice against Plaintiffs and the Class Members far outweighs any possible justification or motive on the part of Defendants. The impact on Plaintiffs and the Class Members has been described. Defendants can have no possible justification for including a false inducement for consumers to purchase Defendants' beverages.  Plaintiffs and the Class Members could not reasonably have avoided this injury because they relied on Defendants' advertisement as to the quality and characteristics of their beverages, as all consumers must do.

99.     Defendants' business practices are violative of public policy as expressed in the False Advertising Law, 27 C.F.R. 7.71, the CLRA, the California

COMPLAINT AND DEMAND FOR JURY TRIAL

Commercial Code, and the MMWA.  All of these statutes strictly forbid false advertisement such as Defendants have disseminated and/or caused to be disseminated, and represent expressions of public policy against this practice.

100.    Additionally, Defendants' business practices are unethical, immoral, and unscrupulous because they induce individuals to unknowingly consume alcohol, which can be harmful for a variety of reasons to many members of the public, including Plaintiff Angiano, who was pregnant and breast feeding at the time she consumed Beck's beer, and Plaintiff Karpinski, who was is in recovery from alcoholism when he consumed Beck's beer, as well as the other Class Members.

101.    Defendants' business practices are also unfair because they significantly threaten or harm competition. Competition is fostered by an environment in which information can be relied upon, so that consumers can make wise decisions, and so that products which accurately reflect the consumers' wishes can flourish. While other non-alcoholic beverage manufacturers adequately label their bottles and packs to protect the public from unknowingly consuming alcohol, Defendants  mislead consumers into believing that the Beck's beer beverages they purchase and consume have characteristics and qualities which they do not have, all in order to expand Defendants' consumer base.

102.    As shown above, Defendants' business practices are also unlawful because they violate the False Advertising Law, 27 C.F.R. 7.71, the CLRA, the California Commercial Code, and the MMWA.

103.    Defendant's business practices are also fraudulent under the UCL because they constitute representations to the public which are likely to deceive the public.  The representation states that Beck's beer is "non-alcoholic," without the required language that the beverage "contains less than 0.5% (or .5%) alcohol by volume" in direct conjunction with the term "non-alcoholic," in readily legible printing, and on a completely contrasting background, creating the clear impression

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

1  that the beverage does not contain any alcohol, when in fact it does.  The public,

2  receiving these representations, is likely to believe that the beverage in question

3  does not contain any alcohol, and is so deceived.

4  104.    Plaintiffs and the Class Members relied on this representation when

5  they purchased Beck's beer, which they would not have otherwise purchased.

6  105.    Plaintiffs have suffered physical and monetary injury in fact as a direct

7  and proximate result of the acts of unfair competition committed by Defendants as

8  alleged herein in an amount to be proven at trial but in excess of the minimum

9  jurisdictional amount of this Court.

## EIGHTH CAUSE OF ACTION

### (Negligence)

12  106.    Plaintiffs repeat and incorporate herein by reference each and every

13  allegation contained in paragraphs 1 through 105, inclusive, of this Complaint as if

14  set forth fully herein.

15  107.    Defendants owed Plaintiffs and the Class Members a duty of care to

16  ensure that Plaintiffs and the Class Members were not subjected to false

17  advertisements as to the quality or properties of the beverages for sale.

18  108.    Defendants breached their duty of care to Plaintiffs and the Class

19  Members by creating false and misleading advertisements that their product is

20  "non-alcoholic," and affixing this term to Beck's beer bottles and packs, without

21  including the required language that the beverage "contains less than 0.5% (or .5%)

22  alcohol by volume" in direct conjunction with the term "non-alcoholic," in readily

23  legible printing, and on a completely contrasting background, preventing

24  consumers from discovering that that Beck's beer contains some alcohol, which

25  ascribes to Beck's beer alcohol-free qualities which it does not possess.

26  109.    As a direct and proximate result of Defendants' breach of their duty of

27  care, Plaintiffs and the Class Members suffered physical and economic damages

28  when the purchased and consumed a beverage labeled as "non-alcoholic," even

though it contains alcohol. Plaintiffs and the Class Members were deceived into consuming alcohol. Plaintiffs and the Class Members did not receive the benefits of their bargain. Plaintiffs and the Class members were induced to make a purchase that they would not have made if they were not misled about the fact that Beck's non-alcoholic beer contains alcohol.

110.   Plaintiffs have suffered physical and monetary injury in fact as a direct and proximate result of the negligence committed by Defendants as alleged herein in an amount to be proven at trial but in excess of the minimum jurisdictional amount of this Court

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of the Class, prays for relief as follows:

(1) For compensatory damages in an amount to be proven at trial;

(2) For restitutionary damages in an amount to be proven at trial;

(3) For affirmative injunctive relief mandating that Defendant sufficiently display a warning on its Beck's non-alcoholic beer bottles and packs that the beverage contains an exact percentage of alcohol by volume;

(4) For costs of suit and litigation expenses;

(5) For such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs, on behalf of themselves and all others similarly situated, hereby demand a jury trial for all claims so triable.

Dated: February 1, 2021                    WILSHIRE LAW FIRM

By _____
                         Thiago M. Coelho
                         Robert J. Dart
                         Cinela Aziz
                         *Attorneys for Plaintiffs and the*
                         *Proposed Class*

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

35