JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-00435 PA(PVCx) | Date | February 2, 2021 |
|---|---|---|---|
| Title | Denise Angiano, et al. v. Anheuser-Busch InBev Worldwide, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| G. Garcia | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**  IN CHAMBERS — COURT ORDER

Before the Court is a Notice of Removal filed by defendant Anheuser-Busch InBev Worldwide, Inc. ("Aneuser-Busch, Inc."). (Dkt. No. 1.) Anheuser-Busch, Inc. asserts that this Court has jurisdiction over the action brought against it by plaintiffs Denise Angiano and Charley Kappinski ("Plaintiffs") on the basis of the Class Action Fairness Act ("CAFA"). See 28 U.S.C. § 1332(d).

**I.     Factual and Procedural Background**

On November 24, 2020, Plaintiffs filed a putative class action complaint in Los Angeles Superior Court. Plaintiffs allege they were misled into purchasing what they believed was beer devoid of alcohol, when in fact the beer they purchased did contain some alcohol. Plaintiffs bring claims for (1) intentional misrepresentation, (2) negligent misrepresentation, (3) violation of California False Advertising Law, California Business and Professions Code § 17500, (4) violation of the Consumer Legal Remedies Act, California Civil Code § 1750, (5) violation of California Business and Professions Code § 25200 for mislabeling non-alcoholic beer bottles and packages, (6) violation of California Business and Professions Code § 17200 for unfair competition, and (7) negligence. (Compl. ¶ 33-89.) Plaintiffs seek to represent a class of "[a]ll persons residing in the State of California who purchased Beck's non-alcoholic beer under the belief that the beverage does not contain any alcohol from the period starting four years from the date of the filing of this Complaint to the date of certification." (Id. ¶ 25.)

Anheuser-Busch, Inc. was served with the Complaint on December 16, 2020 and filed this Notice of Removal on January 15, 2021. In the Notice of Removal, Anheuser-Busch, Inc. alleges Plaintiffs "erroneously named the wrong defendant in their action" and that Aneuser-Busch, Inc. does not sell Beck's non-alcoholic beer in California." (Dkt. No. 1 at 3 fn. 1.) Anheuser-Busch, Inc. further alleges that Beck's non-alcoholic beer is actually sold by Anheuser-Busch, LLC, "which is its indirect, wholly-owned subsidiary." (Id. (citing Larson Decl. ¶ 4).) Finally, Anheuser-Busch states that "[f]or purposes of this Removal Petition, the proper defendant is Anheuser-Busch, LLC," and that like Anheuser Busch, Inc., Anheuser Busch, LLC is a citizen of Missouri and Delaware - not California." (Id.)

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 21-00435 PA(PVCx) | Date | February 2, 2021 |
|---|---|---|---|
| Title | Denise Angiano, et al. v. Anheuser-Busch InBev Worldwide, Inc., et al. | | |

Anheuser-Busch, Inc. removed this action to this Court, asserting, among other things, that the minimal diversity requirement for CAFA jurisdiction is met. For purposes of the CAFA minimum diversity requirement, Anheuser-Busch, Inc. relies on the citizenship of Anheuser-Busch, LLC.

**II.   Legal Standard**

A defendant may remove a civil action filed in state court if the action could have originally been filed in federal court. 28 U.S.C. §1441. The removal statutes are construed restrictively, so as to limit removal jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); see also Abrego v. Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006). The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). "Where doubt regarding the right to removal exists, a case should be remanded to state court." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

CAFA provides that district courts have original jurisdiction over any class action in which (1) the amount in controversy exceeds five million dollars, (2) any plaintiff class member is a citizen of a state different from any defendant, (3) the primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief, and (4) the number of plaintiffs in the class is at least 100. 28 U.S.C. §§ 1332(d)(2), (d)(5). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). A person is domiciled in the place he resides with the intent to remain or to which he intends to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). The citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("[T]he relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company . . . ."); Handelsman v. Bedford Vill. Assocs., Ltd. P'ship, 213 F.3d 48, 51–52 (2d Cir. 2000) ("[A] limited liability company has the citizenship of its membership . . . .").

"[U]nder CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." Abrego, 443 F.3d at 685. Thus, Anheuser-Busch, Inc. bears the burden of establishing that this Court has jurisdiction over Plaintiffs' claims. Jurisdiction cannot be based on speculation. See Lowdermilk v. U.S. Bank Nat'l Assoc., 479 F.3d 994, 1002 (9th Cir. 2007), overruled on other grounds by Rodriguez v. AT&T Mobility Servs., LLC, 728 F.3d 975, 977, 980 (9th Cir. 2013).

**III.   Analysis**

The Notice of Removal alleges that minimal diversity is met based on the citizenship of the allegedly proper defendant, Anheuser-Busch, LLC. In the Notice of Removal, Anheuser-Busch, Inc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-00435 PA(PVCx) | Date | February 2, 2021 |
|---|---|---|---|
| Title | Denise Angiano, et al. v. Anheuser-Busch InBev Worldwide, Inc., et al. | | |

alleges "Anheuser-Busch, LLC is an "indirect, wholly-owned subsidiary" of Anheuser-Busch, Inc. (Dkt. No. 1 at 3 fn. 1.) Anheuser-Busch, Inc. further alleges that, like Anheuser-Busch, Inc., Anheuser-Busch, LLC "is a citizen of Missouri and Delaware - not California." (Id.) In support of these allegations, Anheuser-Busch, Inc. cites to the declaration of Thomas Larson, the current Senior Associate General Counsel for Anheuser-Busch Companies, LLC. (Dkt. No. 1-7.)

Despite the Notice of Removal stating that Anheuser-Busch, LLC is an "indirect, wholly-owned subsidiary" of Anheuser-Busch, Inc., the declaration of Mr. Larson states Anheuser-Busch, LLC is a "wholly owned subsidiary of Anheuser-Busch Companies, LLC." (Id. ¶ 2.) Mr. Larson's declaration further states that "Anheuser-Busch, LLC - the entity that actually sells Beck's [non-alcoholic beer] in California - is headquartered in St. Louis, Missouri, and its personnel located in Missouri manage its day-to-day operations." (Id.) Mr. Larson further states that "[l]ike its indirect parent [Anheuser-Busch, Inc.], Aneuser-Busch, LLC is a citizen of Missouri and Delaware, and is not a citizen of California for diversity purposes." (Id.)

A defendant is presumed to know the facts surrounding its own citizenship. See, e.g., Leon v. Gordon Trucking, Inc., 76 F. Supp. 3d 1055, 1063 (C.D. Cal. 2014); Cretian v. Job1USA, Inc., No. 09-CV-770-ST, 2009 WL 4841039, at *1 (D. Or. Dec. 11, 2009) ("Defendant is presumed to know its own citizenship; indeed it is in the best position to know it for purposes of removal."). Because Anheuser-Busch, LLC is a limited liability company, its headquarters and the citizenship of its parent corporation do not establish its citizenship. Anheuser-Busch, Inc. has not identified the citizenship of each of the members of Anheuser-Busch, LLC, and thus has not adequately alleged the citizenship of what Anheuser-Busch, Inc. argues is the only proper defendant. See Lindley Contours, LLC v. AABB Fitness Holdings, Inc., 414 F. App'x 62, 64 (9th Cir. 2011) (holding that an allegation that no member of a defendant LP "is an Oregon citizen," without identifying the actual state of citizenship of the LP's members or whether the members were composed of another layer of business entities, was insufficient to establish complete diversity); Teleflora LLC v. WB Commerce, LLC, CV 15-07176 SJO (SHx), 2015 U.S. Dist. LEXIS 152828, at *2 n.2 (C.D. Cal. Nov. 10, 2015) ("[W]here the removing party is an LLC, it must allege the citizenship of each of its members in order to meet its burden of showing complete diversity of citizenship between the parties.").

Because the Notice of Removal has not sufficiently alleged the citizenship of what Anheuser-Busch, Inc. alleges is the only proper defendant - and the defendant upon which Anheuser-Busch, Inc.'s Notice of Removal is based - the Court cannot determine whether diversity of citizenship exists between at least one plaintiff and one defendant. Therefore, Anheuser-Busch, Inc. has failed to establish minimal diversity as required for CAFA jurisdiction.

**Conclusion**

For the foregoing reasons, Anheuser-Busch, Inc. has not met its burden to establish this Court's jurisdiction. Accordingly, this action is remanded to Los Angeles Superior Court, case number 20STCV45069. See 28 U.S.C. § 1447(c).

**JS-6**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-00435 PA(PVCx) | Date | February 2, 2021 |
|---|---|---|---|
| Title | Denise Angiano, et al. v. Anheuser-Busch InBev Worldwide, Inc., et al. | | |

IT IS SO ORDERED.